### COFFEE et al. v. UNITED STATES, for Use and Benefit of GORDON.

No. 11694.

Circuit Court of Appeals, Fifth Circuit.

Nov. 18, 1946.

Harry T. Gray, of Jacksonville, Fla., and Morgan Belser, of Atlanta, Ga., for appellants.

Herbert Lamson and Lloyd Smith, both of Jacksonville, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The appellee R. T. Gordon obtained a judgment for sand furnished in the work against appellants L. M. Coffee and C. G. Coffee, co-partners, and their sureties on a public construction payment bond given under the Miller Act, 40 U.S.C.A. §§ 270a and 270b. The only point for decision on this appeal is whether Gordon, whose contractual relationship was only with subcontractors, gave a sufficient notice of his claim to the Coffees, the principal contractors, as required of him by the provision of the Act: "Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor

furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district * * * is authorized by law to serve summons."

The finding of fact by the judge is this: "Gordon's work was performed between January 18 and April 22, 1944. *About the middle of June, 1944, well within the 90 day period,* Gordon called on C. G. Coffee, one of the partners of Coffee Construction Company, in Coffee's room at a Jacksonville hotel and advised Coffee of the balance due from Smith and Rose (the subcontractors) to Gordon. At the same time Gordon *handed* Coffee a statement in writing of the sums Gordon claimed to be due him from Smith and Rose on account of the work above mentioned. The various items of indebtedness were summarized on the written statement which showed that Smith and Rose owed Gordon $8,279.38 and Gordon explained to Coffee the entire situation and discussed the account with him. Coffee *had actual manual possession* of the written statement and full opportunity to examine it, *having held it in his hand* during the discussion. Coffee requested Gordon to take the matter up further with Smith, which was done, but without avail."

Appellants contend the italicized words in the finding are not authorized by the evidence. The evidence sustains the finding as to the time of the occurrence. It does not sustain the finding that Coffee took manual possession of the paper. Coffee and Gordon stood together and examined the paper which Gordon held. Both understood that a claim was contemplated on the pay-

ment bond, and the 90 day time limit was referred to, and Coffee stated that he had never as a contractor had a claim filed against him, and to protect this good record undertook himself to see Smith, but without result. It is fairly inferable that Coffee could have had the paper if he had wished it, and that Gordon would have handed it to him if Gordon had thought that necessary.

The law prior to the Miller Act did not require a notice to the contractor of claims of persons dealing with subcontractors, so that settlement might be made in full with the subcontractors by the contractor in ignorance of such claims. The Miller Act requires the notice by persons having no direct contractual relationship with the contractor, so that by delaying final settlement with his subcontractors for 90 days after completion of the work he may protect himself and his bond against such unknown claims. Written notice is required to prevent misunderstanding and to afford certain evidence of the communication. The provisions for service afford means of making certain the fact of notice given, or of making a good service where the contractor cannot be reached personally.

All the cases agree that without giving the notice there is no right of action on the bond for the use of furnishers who have no direct contractual relation to the contractor. In no case has writing been held unnecessary. But there has been liberality as to the manner of communicating the written notice to the contractor. We have held in Birmingham Slag Co. v. Perry, 5 Cir., 115 F.2d 724, that a letter from one who furnished materials to a subcontractor sent to the owner of the work, a copy of which was timely sent by the owner to the contractor by ordinary mail, was a good written notice. In Fleisher E. & C. Co. v. United States, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12, stress was laid on the remedial character of the Miller Act and its predecessor, and while a written notice was apparently deemed necessary as a condition precedent to suit, nevertheless the fact that it was addressed to the project engineer and not served by any of the means mentioned in the statute was held immaterial since it

in fact reached one of the two contractors. In Glassell-Taylor Co. v. Magnolia Petroleum Co., 5 Cir., 153 F.2d 527, we again emphasized the liberal construction due to be given the Miller Act to effectuate the Congressional intent to protect those who furnish labor and material for public works. In the case now before us we hold that a writing containing the information which the statute requires, exhibited to the contractor by the claimant as a notice of his claim and which the contractor examines and discusses and might have taken if he desired, is a written notice sufficiently served. As a makeweight, but not the real basis of our decision, we observe that in Florida where this work was done and this notice was given, the marshal, under the Federal Rules of Civil Procedure, rule 4(d) (7), 28 U.S.C.A. following section 723c, might have served a summons as a State sheriff would; and by Florida Statutes Annotated § 47.13, a mode of serving a summons is "by reading the writ or summons to the person to be served."

The judgment is affirmed.