**HOUSTON FIRE AND CASUALTY IN-SURANCE COMPANY and Joe B. Evans, Joe I. Evans and R. H. Thorp, Appellants,**

v.

**UNITED STATES of America for the Use and Benefit of the TRANE COMPANY, Appellee.**

No. 15116.

United States Court of Appeals Fifth Circuit.

Dec. 22, 1954.

J. A. Gooch, Fort Worth, Tex., for appellants.

William Madden Hill, Dallas, Tex., Ungerman, Hill & Ungerman, Dallas, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

HUTCHESON, Chief Judge.

Brought by the United States as use plaintiff upon a Miller Act bond, 40 U.S. C.A. § 270a given by the Bailey Company, as principal contractor, the suit was to recover for the use and benefit of the Trane Company, $6221.51, the balance due it for materials furnished Denton Plumbing & Heating Co., a subcontractor on the job.

The claim was: that the Trane Company, as a materialman and furnisher to Denton Plumbing & Heating Co., Inc. a subcontractor, in connection with the construction being undertaken by Bailey Co., Inc., had furnished materials, appliances, etc. of the value of $9263.08, on which it had been paid $3041.57, leaving a balance due of $6221.51; that the Bailey Company had full knowledge of the furnishing of such materials and the amount due thereon, and that neither Denton Plumbing Company nor Bailey Company had paid it the amount due, and defendant, as surety on Bailey's bond, was liable therefor.

The defendant surety, demurring to the petition on the ground that it failed to state a recoverable claim, moved to dismiss the suit for the reason that plaintiff's claim does not come within the Miller Act, and, answering, denied the indebtedness claimed.

Thereafter, the cause coming on for trial and plaintiff having offered its evidence,[1] the defendants, offering none in rebuttal, urged upon the court that the evidence wholly failed to establish that

---

1. This was in substance: Under contract dated June 20, 1951, the United States of America entered into a contract with the Bailey Company as principal contractor under which such principal contractor agreed to furnish the materials and perform the work for construction of a high powered air to ground radio station at the Carswell Air Force Base, Fort Worth, Texas, in accordance with specifications. Under the provisions of Section 270a, Title 40, U.S.C.A., the Bailey Company executed its payment bond in the amount of $110,617.04, conditioned upon its making payment to all persons supplying labor and materials in the prosecution of the work, and on which bond Houston Fire & Casualty Company is surety. Under a proposal and orders from a sub-contractor Denton Plumbing and Heating, Inc., the Trane Company furnished the Denton Plumbing & Heating, Inc., materials and labor, all of which went into improvements being erected by the Bailey Company, principal contractor. The last materials so furnished were furnished Dec. 11, 1951, a subsequent invoice of May 9, 1952 being to replace materials short on Invoice No. 2521 and for which no charge was made by appellee, the total amount of such claim being in the sum of $6,221.51.

Final settlement under the contract between the Government of the United States and the principal contractor, Bailey Company, was made Nov. 4, 1952. In February, 1952, the sales engineer for the Trane Company, Ben E. Priest, had conversations with the office manager of the Bailey Company with reference to the amount of the invoices of the Trane Company against the Denton Plumbing and Heating Company and such account in the sum of $6,221.51. The witness Priest was further advised by the Bailey Company in one conversation, that at that time there was due the Bailey Company from the Government some $25,000, and that such amount would cover the amount due from the Bailey Company, the general contractor, to the Denton Plumbing & Heating, Inc., the sub-contractor, to whom the materials and labor had been supplied and furnished by the Trane Company. The Bailey Company through its office manager, Mabel Manning, on the date of such conversation, Feb. 7, 1952, wrote Trane Company's representative, Mr. Priest, the following letter:

"This will confirm our conversation of this date concerning the Denton Plumbing Company's contract with us, and the fact that we have not paid them for equipment used on the Government job.

it did, indeed showed that it did not, come within the provisions of the invoked section[2] in that Trane Company had not given the written notice as therein required.

The district judge, of the opinion: that there had been substantial compliance with the requirements of the section; that under the holdings and teachings of the Fleisher case (United States, for Use and Benefit of Hallenbeck v. Fleisher Engineering & Construction Co.), 2 Cir., 107 F.2d 925, affirmed 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12, the statute, giving a remedy on a payment bond to laborers and materialmen, is remedial and under the authorities should be liberally construed; and that the plaintiff was entitled to a judgment; so found and entered judgment accordingly.

Appealing from that judgment, the defendant is here insisting that, giving to the statute the most liberal construction, plaintiff's case fails because "the statutory requirement of notice being unequivocal and without ambiguity is a judicial prerequisite,"[3] and it is not even claimed in this case that plaintiff gave a written notice of any kind to the defendant. So insisting, it urges upon us that nothing in the Fleisher case or in any of the other cases cited and relied on by plaintiff, including our case of Coffee v. United States for Use and Benefit of Gordon, 5 Cir., 157 F.2d 968, supports the recovery.

The appellee, on its part, citing the many cases[4] in which the courts, construing the statute liberally to effect its purpose of protecting materialmen, have held that the statute is sufficiently complied with if the proof shows convincingly that knowledge is brought home to the principal contractor, urges upon us that, under the undisputed evidence, every essential requirement of the statute was met and fully complied with. Conceding that the statute was not literally complied with because plaintiff did not send a written notice by registered mail, indeed it did not send a written notice of any kind, it yet insists: that what occurred in connection with noticing the claim, plaintiff's oral notice to the principal contractor and a written acknowledgment of the request, and full recognition of Denton's indebtedness to Trane, and the fact that it had not been,

---

"This is due to the fact that we have been in negotiation with the Engineers on this job and payment has been delayed for that reason, however, this situation is being cleared and payment to you should be forthcoming within a few days.

"We sincerely appreciate your courtesy and patience relative to the matter."

On cross examination Priest further testified:

"Q. And the Trane Company has never given written notice to either the Bailey Co. or the bonding company of its claim against this bond? A. Not that I know of."

2. Section 270b of Title 40, U.S.C.A. provides in part as follows:

"* * * That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

3. U. S., for Use and Benefit of John A. Denie's Sons Co. v. Bass, 6 Cir., 111 F.2d 965.

4. Equitable Surety Co. v. United States, to Use of W. McMillan & Son, 234 U.S. 448, 34 S.Ct. 803, 58 L.Ed. 1394; Glassell-Taylor Co. v. Magnolia Petroleum Co., 5 Cir., 153 F.2d 527; Coffee v. United States for Use and Benefit of Gordon, 5 Cir., 157 F.2d 968; and Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206.

but must be, paid was more effective than if a written notice had been sent by the materialmen and fully complied with the essential statutory requirements of bringing home in writing to the principal contractor the requisite knowledge of the claim and debt.

We agree with appellee that this is so. It is true that the statute is carefully and meticulously phrased, and if this were a matter of first impression, we might find difficulty in coming at once to the conclusion that what was done in this case was a sufficient compliance with it. However, the decisions under the statute, and particularly Coffee v. United States, for Use and Benefit of Gordon, supra, Note 4, have made it clear that it was. It is not necessary that the writing relied on be signed by the supplier, it is sufficient that there exists a writing from which, in connection with oral testimony, it plainly appears that the nature and state of the indebtedness was brought home to the general contractor. When this appears the object of the statute, to assure that the contractor will have notice, is attained and the statute is sufficiently complied with.

The judgment was right. It is affirmed.