T. F. SCHOLES, INC., and United States Fidelity and Guaranty Company, Appellants,

v.

UNITED STATES of America, for the use and benefit of LOCK JOINT PIPE COMPANY, Appellee.

No. 6704.

United States Court of Appeals Tenth Circuit.

Nov. 14, 1961.

Clarke W. Karr, Denver, Colo., for appellants.

Joseph G. Hodges, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment in an action under the Miller Act (40 U.S. C.A. §§ 270a, 270b) allowing recovery by a materialman for the balance owed on materials furnished Appellant's subcontractor.

The sole issue is whether the demand for payment was timely, within the meaning of the notice provisions of the Act, which pertinently provides: "Every person who has furnished labor or material in the prosecution of the work * * * and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the * * * material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit * * *." 40 U.S.C.A. § 270b.

Our facts are that Appellant-Scholes, as prime contractor for certain work to be performed in the construction of the

United States Air Force Academy, and Appellant-United States Fidelity and Guaranty Company, as surety, executed the statutory bond to insure payment to all parties for labor and materials. See: 40 U.S.C.A. 270a. Appellant-Scholes sublet a portion of the work to the Hardeman Construction Company which, in turn, entered into a contract with Appellee-Lock Joint Pipe Company for the latter to furnish 1095 feet of 30 inch pipe needed on the job. About one year later, and after some 800 feet of the pipe had been furnished on credit, Hardeman was relieved of its obligations under the subcontract and Scholes undertook to complete the work called for therein. A short time later Lock Joint received, by telephone, an order for 198 feet of the 30 inch pipe for the "Old Hardeman Job." [1] The order was filled; the pipe was used in the work called for in the sub-contract; and an invoice was forwarded to Hardeman, who notified Lock Joint that they were no longer on that job and that the invoice should be sent to Scholes. The invoice was then forwarded to Scholes. Prior to receiving payment for any of the materials furnished, Lock Joint notified Scholes that it was looking to it for payment of the entire balance owing on the materials supplied for the "Old Hardeman Job," including the 198 feet of pipe ordered by Scholes. Thereafter Scholes paid for this 198 feet of pipe but refused payment for the 800 feet of pipe used by Hardeman.

■ It is stipulated that the notice for payment sent by Lock Joint to Scholes was within 90 days after the delivery of the 198 feet of pipe. And if, as the trial court found, this last delivery was made pursuant to the materialman's contract between Hardeman and Lock Joint, the notice met the requirements of the Act. Scholes earnestly contends, however, that this delivery was a special order for its own account, and that there was no competent evidence to support the trial court's conclusion that the order was placed pursuant to the Hardeman-Lock Joint contract. Specifically, Scholes takes the position that the trial court's conclusion on this issue was necessarily based on the testimony of Lock Joint's district manager, Homer Graves, who was allowed to testify that he had "* * * received a telephone call from someone identifying himself with T. F. Scholes in which he said that they needed 198 feet * * * of 30-inch pipe * * * under the old Hardeman job." Scholes objected to this testimony on the grounds that no evidence had been offered to identify the party representing himself to be an employee of Scholes or that such party had any authority to place such an order. The trial court received the evidence and reserved his ruling on its admissibility. Assuming this testimony was inadmissible to establish that a Scholes' representative had ordered the pipe, it was not inadmissible for all purposes. See: Wigmore on Evidence, Vol. I, p. 158, Sec. 13. It is now stipulated that the witness Graves did receive, by telephone, the order for 198 feet of pipe to be used on the "Old Hardeman Job." The testimony of Graves was clearly competent as bearing on the motive and good faith of Lock Joint in invoicing this last shipment of pipe under their contract with Hardeman.

■ Moreover, the evidence established that when Hardeman was relieved of the obligation to finish the work under the sub-contract, Scholes agreed to simply "charge back" against the amount due Hardeman the items of work completed by Scholes; that prior to the order for 198 feet of pipe, orders for the "Old Hardeman Job" had been received by Lock Joint not only from Hardeman, but in some instances, from Scholes; that the delivery of the 198 feet of pipe, accompanied by a shipping order bearing the number assigned to the "Old Hardeman Job" was accepted by an agent of Scholes who had previously been Hardeman's superintendent; that the invoice,

---

1. The evidence showed that the "Old Hardeman Job" was the term commonly used to distinguish the work under the sub-contract here in issue from work Hardeman was doing under another sub-contract.

subsequently paid by Scholes, also bore the number assigned to the "Old Hardeman Job" and, that the price quoted in the invoice and paid by Scholes was the same as that specified in the contract between Hardeman and Lock Joint, although the price being obtained by Lock Joint for this type of pipe was, at that time, some ninety cents per foot higher.

Viewing these facts and the inferences fairly and reasonably to be drawn therefrom in the light most favorable to the Appellee, we cannot say that it was clearly erroneous for the trial court to conclude that Lock Joint's delivery of the 198 feet of pipe was made pursuant to its contract with Hardeman and not pursuant to a special contractual relationship with Scholes.

The judgment is affirmed.