UNITED STATES of America, for the Use and Benefit of HARRIS PAINT COMPANY, a Florida corporation, Plaintiff,
v.
SEABOARD SURETY COMPANY, a corporation, and W. T. Sharp, Defendants,
v.
K. CHAVIS GENERAL CONTRACTOR, INC., a Florida corporation, Third-Party Defendant.

No. PCA 2156.

United States District Court,
N. D. Florida,
Pensacola Division.

May 1, 1970.

Gerry R. Gordon, of Rosseau, Wilkinson, Gordon & Lawrence, Tampa, Fla., for plaintiff.

Robert L. Stone, Pensacola, Fla., for defendants Seaboard Surety Co. and K. Chavis, General Contractor.

Fletcher Fleming, Pensacola, Fla., for defendant W. T. Sharp.

MEMORANDUM DECISION

ARNOW, Chief Judge.

This matter is before the Court on motions of Plaintiff Harris Paint Company and of Defendant Seaboard Surety Company for summary judgment.

The portion of the Miller Act pertinent here is found in 40 U.S.C. § 270b which reads as follows:

"*Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said con-

tractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed."

The question presented is whether Harris gave timely notice under 40 U.S.C. § 270b(a). Untimely institution of the suit under § 270b(b) is also raised in answers, but Defendants concede, and facts disclose, the suit was commenced within the one year period provided by that subsection.

On the undisputed facts before the Court, the prime contractor, Chavis, having made arrangements to have someone else finish the job after the subcontractor, Sharp, walked away without completing it, purchased paint from Harris, part of which was used to complete Sharp's job. For this paint, Harris invoiced Chavis directly, charging it to the Chavis general account, and Chavis paid for such paint. The relationship between Harris and Sharp was a direct contractual relationship; it is undisputed and, indeed, admitted by Harris that during the time it furnished material to Sharp for use on the job there was no contractual relationship, express or implied, between Harris and Chavis regarding such material or its payment. The notice given by Harris to Chavis that Sharp had not paid Harris for the materials delivered to Sharp was given after the expiration of 90 days from the date when the last materials were delivered to Sharp, but within 90 days from the delivery to Chavis of the materials purchased by Chavis used in completing the job.

Plaintiff contends the rule to be applied here is found in T. F. Scholes, Inc. v. United States, 297 F.2d 337 (10 Cir. 1961). But this case is factually different. In *Scholes*, the trial court found,

with the appellate court saying its finding was not clearly erroneous, that the supplier's delivery of material to the contractor, who was completing the subcontractor's job, was made pursuant to its contract with the subcontractor, and not as a special order for the contractor's own account. Unlike the instant case, the material was designated for the particular job, with invoice, initially, at least, forwarded to the subcontractor, and there were other factual differences.

Here Plaintiff stands or falls on one proposition—whether the purchase and use by a contractor of materials from a supplier in the completion of a subcontractor's job, without more, extends the time for giving the notice under the Miller Act by the supplier until 90 days after the last of such material is furnished to the contractor. And on that proposition, Plaintiff falls.

■ The primary purpose of the Miller Act is to protect the supplier; the contractor is secondarily protected. The Act should be liberally construed to effectuate its purpose. But to allow Harris to recover here would not be liberal construction of the Act; it would be plain violence to and destruction of its language.

■ Here Harris, having a direct contractual relationship with Chavis for supplies purchased by Chavis, need, of course, give Chavis no notice regarding supplies purchased by Chavis for its own account, nor did it do so. But Harris cannot place Chavis in the shoes of its subcontractor Sharp solely because Chavis, on its own account, continued to do business with it. That the contractor used materials purchased by it from the supplier to finish his subcontractor's job, standing alone, is not sufficient to show, under any construction of the Act, that such was material furnished pursuant to the contractual relationship between Harris and the subcontractor. And, under the undisputed facts before the Court, there is, in this case, nothing else to support Harris'

contention. To the contrary, such facts establish without dispute the material furnished Chavis to complete the job was by Harris furnished to Chavis purely on its own account and under direct contractual relationship with Chavis alone.

It may be true, as Harris contends, Chavis suffered no real harm, for, had the notice been timely given, Chavis still would have had to complete the job and charge it back. But the purpose of the Miller Act, from the contractor's standpoint, is to allow him to delay settlement with his subcontractor for 90 days, to protect himself and his bond against unknown claims. Harris, not giving that notice, thwarted that opportunity; that, under the facts of this or any other case, the contractor might be unable to protect himself, does not mean he may be deprived of the opportunity. Harris' argument calls for language the Act does not contain—Congress did not say the 90 day notice had to be given unless the failure to give it in no way harmed or jeopardized a contractor.

Distinguishable also is Apache Powder Co. v. Ashton Co., 264 F.2d 417 (9 Cir. 1959), relied on by Plaintiff, for in it the substitution of the subcontractors was in name only, with the actual parties being the same.

The requirement of the 90 day notice is mandatory, and there is no right of action if notice is not given within the 90 day period. Coffee v. United States, 157 F.2d 968 (5 Cir. 1946); United States for Use of General Electric Co. v. H. I. Lewis Construction Co., 375 F.2d 194 (2 Cir. 1967); Bowden v. United States, 239 F.2d 572 (9 Cir. 1956), cert. den. 353 U.S. 957, 77 S.Ct. 864, 1 L.Ed.2d 909 (1957).

There is here presented no genuine issue as to any material fact, and Seaboard is entitled to summary judgment as a matter of law. Its motion will be granted, and Harris' motion denied.