**UNITED STATES for the Use
of CONSOLIDATED ELECTRICAL
DISTRIBUTORS, INC., Plaintiff–Appellee,**

*v.*

**ALTECH, INC., a Corporation,
and Aetna Casualty & Surety Co., a
Corporation, Defendants–Appellants.**

**No. 90–4131.**

United States Court of Appeals,
Fifth Circuit.

May 1, 1991.

David L. James, Keeney, Anderson, Miller, James & Tate, Texarkana, Tex., for defendants-appellants.

Marshall H. Moore, Dowd, Harrelson & Moore, Texarkana, Ark., for plaintiff-appellee.

Before WISDOM, KING and JOLLY, Circuit Judges.

WISDOM, Circuit Judge:

In this Miller Act case, Altech, Inc., defendant, appeals from a judgment of $47,308.39 plus interest awarded to the plaintiff, Consolidated Electrical Distributors, Inc. We affirm and remand for findings on the third party complaint.

I

The Miller Act permits a supplier who has furnished material or labor for the use of a contractor on a government project to recover from the contractor's payment bond those sums which have not been paid in full within 90 days of the last date that materials were supplied, provided that the

supplier has given the contractor written notice of the amount claimed.[1]

Altech, Inc. ("Altech") was the general contractor on a federal government project involving the electrical transformers for several buildings in the Red River Army Depot. Ray Williams d/b/a R & L Electric ("Williams") was a subcontractor on the project.

Consolidated Electrical Distributors, Inc. ("Consolidated") supplied materials for use on the project to Williams until April 6, 1988. Williams did not pay for the materials and eventually filed for bankruptcy.

On June 21, 1988, Quinnie Tevis, a representative of Consolidated, met with Charles Cook, the owner of Altech. What took place is disputed. Cook testified at trial that Tevis did not explicitly demand payment from Altech during the meeting. Rather, Tevis gave Cook Consolidated's invoices for Williams and asked Cook to identify which invoices were used on Altech's Red River project. Because Tevis was trapped in a snow storm at the time of the trial, she was not available to testify at trial. The trial court, therefore, ordered the record to be left open and permitted Consolidated to depose Tevis after the trial, so long as her deposition was filed within 30 days of the trial. In her post-trial deposition, Tevis testified that she gave Cook the unpaid invoices for Williams and demanded payment from Altech for those invoices. Following the meeting on June 22, 1988, Cook wrote Consolidated a letter acknowledging that three of the invoices were for materials which were used on Altech's project.

On July 11, 1988, Jack Thompson wrote a letter on behalf of Consolidated demanding payment from Altech for supplies used by Williams on Altech's Red River project. Both parties agreed, however, that the letter did not constitute sufficient notice under the Miller Act because it arrived more than 90 days after April 6th, the last day that Consolidated supplied materials to

Williams for use on the project at the Red River Army Depot.

Consolidated subsequently sued Altech under the Miller Act. In turn, Altech filed a third party complaint against Williams seeking to make Williams jointly liable for any award obtained by Consolidated.

The trial court accepted Tevis's version of the June 21st meeting and held that the oral demand at the meeting plus Cook's letter of June 22nd provided sufficient evidence to satisfy the written notice requirement of the Miller Act. The trial court, however, made no findings concerning Altech's cross-complaint against Williams.

Altech moved for a new trial and for additional findings of fact. The trial court denied both motions. Altech then appealed to this court raising the following points of error: (1) the district court abused its discretion in holding open the record and admitting into evidence a deposition taken after trial; (2) the district court erred in holding that the disputed testimony concerning an oral demand for payment at a meeting between the supplier and the general contractor, together with the general contractor's follow-up letter which acknowledged receipt of the supplied materials, provided sufficient evidence to satisfy the written notice requirement of the Miller Act; and (3) the district court failed to provide sufficient findings on the general contractor's third party complaint to permit appellate review. We address each issue in turn.

## II

A. *Permitting the Taking and Filing of a Post-trial Deposition.*

■ We review the trial court's decision to permit the taking and filing of a post-trial deposition for an abuse of discretion.[2]

■ Authority for the district court's action comes from the district court's "inherent power to control litigation and liti-

---

1. 40 U.S.C.A. §§ 270a–270b (West 1986).

2. *See also* Fed.R.Civ.P. 32(a) (using permissive language concerning the admission of depositions).

gants."[3] In the case at bar, when the witness became unexpectedly unavailable for bench trial after the trial had begun, the court exercised its discretionary power to hold the record open and permit Consolidated to take and introduce the deposition of the unavailable witness within 30 days. This solution was reasonable under the circumstances. Thus, because the district court had the authority to issue the order and the order was reasonable, we find that the order did not constitute an abuse of discretion and we affirm the court's decision to admit the post-trial deposition.

### B. *Sufficiency of Notice.*

██ We review the sufficiency of notice under the Miller Act *de novo* as a mixed question of law and fact.[4]

The Miller Act provides that an individual who supplies labor or material to a contractor on a government project may recover from the contractor's payment bond those sums not paid in full within 90 days.[5] To recover from a general contractor for supplies delivered to a subcontractor, the supplier must give:

> written notice to said contractor within ninety days from the date on which such person ... furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of [subcontractor].[6]

Written notice is "required to prevent misunderstanding and to afford certain evidence of the communication" to the contractor.[7]

██ The Fifth Circuit has permitted some "liberality as to the manner of communicating the written notice."[8] In *Coffee*

*v. United States ex rel. Gordon,*[9] we held that a "writing containing the information which the statute requires, exhibited to the contractor by the claimant as a notice of his claim and which the contractor examines and discusses ... is a written notice sufficiently served."[10]

In the *Coffee* case, the supplier and the general contractor had a meeting within the ninety day period to discuss a subcontractor's outstanding balance. The supplier brought to the meeting a list of all the invoices that remained unpaid by the subcontractor. The general contractor and the supplier examined the list together and discussed it. The court determined that both parties "understood that a claim was contemplated on the payment bond"[11] and thus, held that the list of invoices constituted sufficient written notice under the Miller Act.

Similarly, in the case at bar, Consolidated met with Altech on June 21st to discuss Williams' outstanding balance. At the meeting, Consolidated presented Altech with unpaid invoices for materials which were supplied by Consolidated to Williams for use on the Red River Army Depot project. The parties discussed the invoices, and Altech retained the invoices for further review. Indeed, the only reasonable inference from the meeting is that Consolidated was seeking payment from Altech and that the presentation of the unpaid invoices at the meeting was intended to constitute written notice of Consolidated's claim for the amount owed by Williams.

In *Houston Fire & Casualty Company v. United States ex rel. Trane Company*[12], we noted that:

---

3. *Pressey v. Patterson,* 898 F.2d 1018, 1020 (5th Cir.1990).

4. *See, e.g., United States ex. rel Moody v. American Ins. Co.,* 835 F.2d 745, 748 (10th Cir.1987); *cf. United States ex rel. Jinks Lumber Co. v. Federal Ins. Co.,* 452 F.2d 485, 487–88 (5th Cir. 1971) (treating the sufficiency of the notice as an issue of law).

5. *See* 40 U.S.C.A. §§ 270a–270b (West 1986).

6. 40 U.S.C.A. § 270b (West 1986).

7. *Coffee v. United States ex rel. Gordon,* 157 F.2d 968, 969 (5th Cir.1946).

8. *Id.*

9. 157 F.2d 968 (5th Cir.1946).

10. *Id.* at 970.

11. *Id.* at 969.

12. 217 F.2d 727 (5th Cir.1954).

[i]t is not necessary that the writing relied on be signed by the supplier, it is sufficient that there exists a writing from which, in connection with oral testimony, it plainly appears that the nature and state of indebtedness was brought home to the general contractor.[13]

In that case, the supplier met with the general contractor and informed the general contractor that the subcontractor had not yet paid an amount owed the supplier. The general contractor responded that the government still owed the general contractor payment, a portion of which the general contractor owed to the subcontractor. The general contractor assured the supplier that as soon as the government paid the sum owed the general contractor, the general contractor would pay the subcontractor, and the subcontractor would then pay the supplier. After the meeting, the office manager of the general contractor wrote a letter to the supplier acknowledging the demand for payment.[14] We held that the undisputed testimony[15] of the supplier plus the general contractor's letter constituted sufficient notice.

In the instant case, Consolidated informed Altech that Williams had not paid an amount owed to the supplier. The presented invoices detailed the outstanding charges. Cook's follow-up letter[16] to Consolidated confirmed that the materials which Consolidated supplied to Williams were used on the Red River Army Depot project. Thus, the evidence indicates that the "nature and state of the indebtedness was brought home to the general contractor," and we find that the letter and oral statements at the June 21st meeting were sufficient to satisfy the written notice requirement under the Miller Act.

We conclude that the district court did not err in holding that disputed testimony concerning an oral demand for payment at a meeting between the supplier and the general contractor, together with the general contractor's follow-up letter, which acknowledged receipt of the materials provided sufficient evidence to satisfy the written notice requirement of the Miller Act. Accordingly, we affirm the lower court on the sufficiency of notice issue.

### C. No Findings of Fact on the Cross-Complaint.

■ This Court may remand an issue for further consideration by the district court if the opinion of the district court fails to "provide a sufficiently definite predicate for appellate review."[17] In the instant case, the district court did not address Altech's third party complaint seeking to make Williams jointly liable for any award obtained by Consolidated. Nor is there evidence in the record regarding the status of Williams's bankruptcy proceedings. Because we cannot review this aspect of the

---

**13.** *Id.* at 730.

**14.** The letter stated:

This will confirm our conversation of this date concerning the [subcontractor's] contract with us, and the fact that we have not paid them for the equipment used on the Government job.

This is due to the fact that we have been in negotiation ... on this job and payment has been *delayed for that reason, however, this* situation is being cleared and payment to you should be forthcoming within a few days. *Id.* at 728.

**15.** The general contractor presented no evidence on the nature of the statements made in the conversations between the supplier and the general contractor. *Id.* at 728.

**16.** The letter stated:

After reviewing your statement for R & L Electric and the accompanying invoices, I find several charges that do not coincide with work performed on the Red River Army Depot Transformer Job. I can, however, identify three invoices ...

It should be noted that R & L Electric subcontracted work from ... [other general contractors] at Red River Army Depot during the January–May time frame. The time frame coincides with the unidentifiable invoices.

The invoices, excluding those identified above, on your statement dated May 25, 1988 are questionable and should be investigated. Please contact this office if there are any further questions.

(I R. 95).

**17.** *Curtis v. Commissioner,* 623 F.2d 1047, 1051 (5th Cir.1980) (quoting *Hydrospace–Challenger, Inc. v. Tractor/MAS, Inc.,* 520 F.2d 1030, 1034 (5th Cir.1975)).

case without findings, we remand the issue to the trial court.

### III

The judgment of the district is affirmed, except the issue of the third-party complaint is remanded to the district court for findings and decision.