**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 98-31229
Summary Calendar**

---

**DONALD KENT BRILL;
CONNIE NORMAN BRILL;**

**Plaintiffs-Appellants,**

**v.**

**ROY COCHRAN;
BRANDI & SUZETTE TRUCKING, INC.;
CANAL INSURANCE COMPANY;
XYZ INSURANCE COMPANY;**

**Defendants-Appellees,**

---

**Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-680)**

---

July 1, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellants seek review of the district court's order denying their motion for relief from judgment and refusing to permit post-trial discovery. Finding the district court did not abuse its discretion and that this is a frivolous appeal, we dismiss.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On March 18, 1995, an 18-wheeler driven by Roy Cochran, owned by Brandi & Suzette Trucking, Inc., and insured by Canal Insurance Co. ("Canal"), collided with the rear of Donald Kent 'Brill's pickup truck. Alleging substantial injuries from the accident, Donald and his wife, Connie Brill, filed suit in Louisiana state court. The action was removed to the Western District of Louisiana based on diversity of citizenship.

Following removal, the parties engaged in discovery, and the defendants deposed the Brills. Following the depositions, the defendants hired an investigator to perform surveillance of Donald's activities. He was videotaped fishing, driving, walking without his brace or a noticeable limp, painting a house, and carrying two ladders at once without difficulty. After the surveillance, the Brills were deposed again. Under oath, Donald testified that he was able to leave his home only rarely, had not worked, and had not fished. Connie's testimony corroborated her husband's story. As the videotape clearly showed, these statements were potentially perjurious.

Following the second round of depositions, the Brills' original counsel withdrew from the litigation after viewing the videotape surveillance. The Brills associated new counsel; he was aware of the deposition testimony and the videotape surveillance. The defendants counterclaimed alleging fraud. Although settlement discussions were initiated, the defendants refused to settle the claims because of the fraud involved and the substantial costs

incurred investigating the Brills' claim.

The Brills' new attorney fought to preserve the lawsuit, filing a motion to bifurcate and a motion in limine. The district court agreed to bifurcate the trial of the Brills' original claim and the defendants' fraud counterclaim. The Brills' motion in limine, however, was denied. Through production of the videotape, the defendants would have been permitted to impeach the credibility of the Brills in the trial of their claim for damages. Moreover, if the alleged charges of fraud were substantiated at trial, the district court warned that the matter would be referred to the United States Attorney for investigation.

At a pretrial conference, the Brills' counsel informed the court that he intended to dismiss the claim with prejudice and withdraw as counsel. The motion was granted, and the district court dismissed the counterclaim due to the jurisdictionally deficient amount in controversy.

## II.

Donald was indicted for insurance fraud in January 1998. After the indictment, the Brills' new counsel filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and a motion for leave to depose the Brills' former attorneys, a representative of Canal, and the Louisiana Commissioner of Insurance. The Brills alleged, without supporting affidavits, that fraud and their attorney's mistake prevented the pursuit of their original claim. Specifically, the Brills charged that Canal's corporate counsel had engaged in improper discussions with the Louisiana Commissioner of

3

Insurance designed to ensure Donald's indictment and, following these discussions, that defense counsel used unethical threats to prevent the Brills' attorney from pursuing their claim. The Brills also claimed that they had only agreed to dismiss their original claim <u>without</u> prejudice. The defendants filed opposing motions, submitting the Brills' depositions and the surveillance videotape as supporting documentation. The district court denied the motion for relief from judgment and the motion for post-trial discovery.

III.

A motion for relief from judgment under Rule 60(b) is committed to the sound discretion of the trial court. <u>See</u> <u>Edwards v. City of Houston</u>, 78 F.3d 983, 995 (5th Cir. 1998) (<u>en</u> <u>banc</u>). An abuse of discretion should be found only when no reasonable man, confronted with the proffered evidence, would have agreed with the district court's disposition of the motion. <u>See</u> <u>Smith v. Widman Trucking & Excavating, Inc.</u>, 627 F.2d 792, 795-96 (7th Cir. 1980). Moreover, a district court's denial of a Rule 60(b)(3) motion should be reversed only when the movant has produced clear and convincing evidence in support of the motion. <u>See</u> <u>Stipelcovich v. Sand Dollar Marine, Inc.</u>, 805 F.2d 599, 604 n.5 (5th Cir. 1986). Similarly, a district court's determination not to grant post-trial discovery will be reversed only for an abuse of discretion.[1] <u>See</u> <u>United States v. Altech, Inc.</u>, 929 F.2d 1089, 1091 (5th Cir. 1991).

There was no abuse of discretion by the district court.

---

[1] Liberally construed, the Brills' notice of appeal encompasses both the denial of their Rule 60(b) motion and their motion for post-trial discovery. <u>See</u> <u>United States v. Knowles</u>, 29 F.3d 947, 949 (5th Cir. 1994).

**4**

The Brills' mere allegations are insufficient to support a finding that the motion to dismiss with prejudice was actually a mistake by their attorney.  See Widman Trucking, 627 F.2d at 796-97 (discussing importance of affidavits supplied by movant in support of Rule 60(b) motion).  Moreover, Brills' counsel of record was not beset by unethical threats by defense counsel.  The fraudulent conduct of his clients placed him in a truly precarious ethical position.  That the Brills dismissed their claim with prejudice in an effort to avoid prosecution by the State of Louisiana or the United States Attorney represented a reasonable strategy.  That the Brills now claim the dismissal was supposed to be without prejudice is not surprising considering their spurious conduct throughout the course of the litigation.[2]  Their allegations, unsupported by the readily available affidavit of their attorney of record when the motion to dismiss was filed, were properly dismissed by the district court.  Under the circumstances, the district court did not abuse its discretion in denying the post-trial relief sought by the appellants.  Moreover, appellant's arguments tax the credulity and patience of this court and have wasted valuable judicial resources.

The appeal is **DISMISSED** as frivolous.

---

[2]   Even if the cause had been dismissed without prejudice, the Brills would have had only 18 days, at most, to refile their claims under the applicable Louisiana prescription statute.  See La. Civ. Code arts. 3462, 3463, 3492.  The Brills filed their Rule 60(b) motion nearly one year after the entry of their motion to dismiss -- well outside the prescription period for refiling a new claim.