UNITED STATES of America ex rel. Manny MARTINEZ d/b/a MTZ Electric, MTZ Mechanical, and MTZ Contractors, Plaintiff,

v.

ENCON INTERNATIONAL, INC. et al., Defendants.

No. EP–07–CV–443–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

July 2, 2008.

Stewart W. Forbes, Susan Forbes, Forbes & Forbes, El Paso, TX, for Plaintiff.

Bernard Robert Given, II, Beck & Given, P.C., El Paso, TX, Eduardo Miranda, El Paso, TX, for Defendants.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendants Encon International, Inc. and Suretec Insurance Company's (collectively, "Encon") "Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b) (6)," filed on February 22, 2008, Plaintiff United States of America ex rel. Manny Martinez d/b/a MTZ Electric, MTZ Mechanical, and MTZ Contractors's ("MTZ") "Response and Memorandum in Opposition to Defendant Encon and Suretec Rule 12(b)(6) Motion to Dismiss," filed on February 29, 2008, Defendant H Squared Industries, Inc.'s ("H Squared") "Rule 12(b)(6) Motion to Dismiss," filed on March 7, 2008, and MTZ's "Response in Opposition to Defendant H Squared Industries, Inc. Rule 12(b)(6) Motion to Dismiss," filed on March 14, 2008, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendants' Motions to Dismiss should be denied for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Encon is the general contractor on a federal government construction project at Fort Bliss in El Paso, Texas (hereinafter, "the Project").[1] Encon Mot. to Dismiss ¶ 2. Suretec provided a payment bond for the Project as required by the Miller Act, 40 U.S.C. § 3131(b)(2).[2] *Id.* H Squared, a subcontractor, contracted with Encon to perform work on the Project. H Squared Mot. to Dismiss ¶ 2. MTZ, a sub-subcontractor,[3] contracted with H Squared to install electrical equipment at the Project. Compl. 1. MTZ performed installation services and upon completion, submitted an invoice to H Squared in the amount of $64,005.25. *Id* at 5. Neither H Squared nor Encon has paid MTZ to date. *Id.* On December 18, 2007, MTZ filed the instant action seeking judgment for the amount due, pursuant to the Miller Act, 40 U.S.C. § 3133(b)(1).[4] *Id.* at 2.

Encon and MTZ both filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Encon Mot. to Dismiss ¶ 3; H Squared Mot. to Dismiss ¶ 4.

## II. LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). However, "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kai-*

ser *Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982). The Court must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.,* 322 F.3d 883, 885 (5th Cir.2003) (citation omitted). To make this determination, the Court "may not look beyond the pleadings." *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

Insofar as Encon, H Squared, and MTZ have all filed affidavits in support of their positions with respect to the instant Motions, the Court shall treat the Motions as motions for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue exists only if there are "factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

---

**1.** The Project involved the renovation of a building at Fort Bliss.

**2.** The Miller Act requires general contractors on federal construction projects to post a payment bond. 40 U.S.C. § 3131(b) (2).

**3.** A "sub-subcontractor" is "a firm hired by a subcontractor." *United States ex. rel. S & G Excavating, Inc. v. Seaboard Sur. Co.,* 236 F.3d 883, 884 (7th Cir.2001).

**4.** "The Miller Act provides that an individual who supplies labor or material to a contractor on a government project may recover from the contractor's payment bond those sums not paid in full within 90 days [of the last date that materials or labor were supplied]." *United States ex rel. Consol. Elec. Distribs., Inc. v. Altech,* 929 F.2d 1089, 1092 (5th Cir. 1991).

"To defeat summary judgment, the non-moving party must set forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (internal quotation omitted). Conclusionary allegations and unsubstantiated allegations are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 347 (5th Cir.2007); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir.1996). In evaluating a motion for summary judgment, the Court reviews the evidence in the light most favorable to the nonmoving party and draws any reasonable inferences in its favor. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir.2001).

## III. ANALYSIS

Encon and H Squared assert that MTZ cannot maintain a cause of action because it failed to provide timely notice of its claim for payment as required by the Miller Act.[5] Encon Mot. to Dismiss ¶ 6; H Squared Mot. to. Dismiss ¶ 10. Specifically, they argue that MTZ did not provide notice until November 27, 2007, which is more than ninety days after the last day MTZ worked on the Project.[6] *Id.*

MTZ contends that it timely provided notice to Encon. In its Complaint, it alleges that it "gave notice by registered mail to the prime contractor, Encon International, Inc. and H2 Squared Industries, Inc. on August 8, 2007." Compl. 5. Alternatively, in its Response to the instant Motions, it asserts that Encon and H Squared had notice of its claim for payment based on several conversations between agents for MTZ and Encon between April and June 2007, and a meeting between the parties that occurred on June 22, 2007. Pl. Resp. 6.

To recover against a contractor for services rendered, a party must first give notice of its claim for payment to the contractor. 40 U.S.C. § 3133(b)(2). Notice must be given "within 90 days from the date on which the [party] did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." *Id.* It must be in writing and "sent or presented to the prime contractor by or on the authority of the [plaintiff]; ... the writing must inform the prime contractor, expressly or by implication, that the [plaintiff] is looking to the contractor for payment of the [plaintiff]'s bill." *H & E Equip. Servs. v. Slater*, No. 04–1978, 2007 WL 2174595, *3, 2007 U.S. Dist. LEXIS 54281, *7 (W.D.La. July 25, 2007) (quoting *Bowden v. United States*, 239 F.2d 572, 577 (9th Cir.1956)).

"The Fifth Circuit has permitted some 'liberality as to the manner of communicating the written notice.'" *United States ex rel. Consol. Elec. Distribs., Inc. v. Altech*, 929 F.2d 1089, 1092 (5th Cir.1991) (quoting

---

**5.** H Squared acknowledges that the Miller Act only requires MTZ to provide notice to Encon. H Squared Mot. to Dismiss ¶ 10. Thus, it is not clear whether H Squared has standing to seek dismissal for failure to notice Encon. Because Encon clearly has standing, however, the Court shall address the notice argument.

**6.** Encon also alleges MTZ's Complaint is deficient because it fails to state "the date when MTZ last performed labor or furnished or supplied materials on the Project." Encon Mot. to Dismiss ¶ 6; *see also* H Squared Mot. to Dismiss ¶ 10 ("MTZ's Complaint, thus, fails to state a claim on which relief can be granted under the Miller Act because it does not allege the date when MTZ last performed labor or furnished or supplied materials on the Project."). As set forth *infra*, the record before the Court discloses that MTZ last rendered services on the Project on either March 28, 2007, or April 3, 2007.

*Coffee v. United States ex rel. Gordon,* 157 F.2d 968, 969 (5th Cir.1946)). For example, in *Coffee,* the Fifth Circuit held that a supplier gave sufficient notice of its claim for payment where it met with the contractor within ninety day of rendering performance and, at the meeting, reviewed and discussed a list of invoices setting forth an outstanding balance. *Coffee,* 157 F.2d at 969. The court reasoned that the list of invoices constituted sufficient written notice under the Miller Act, holding that a "writing containing the information which the statute requires, exhibited to the contractor by the claimant as a notice of his claim and which the contractor examines and discusses ... is a written notice sufficiently served." *Id.* at 970. Similarly, in *Altech,* the Fifth Circuit found that statements made at a meeting between the parties concerning an outstanding balance, coupled with a follow up letter, "were sufficient to satisfy the written notice requirement under the Miller Act." *Altech,* 929 F.2d at 1093.

### A. Timeliness of Notice

A plaintiff proceeding under the Miller Act must give written notice of its claim within ninety days of the "last delivery of labor or material." *Johnson Serv. Co. v. Transamerica Ins. Co.,* 485 F.2d 164, 173 n. 6 (5th Cir.1973).

The parties in the instant action dispute the last date MTZ rendered services on the Project. H Squared contends that "the facts are undisputed that MTZ ... last performed labor or furnished or supplied materials on March 28, 2007," H Squared Mot. to Dismiss ¶ 10, but submits no evidence in support of this assertion.[7]

MTZ, relying on the affidavit of its employee Claudia Ontiveros, tasked with preparing invoices and collecting payment on behalf of MTZ, asserts that MTZ's "last day of work performed on the Ft. Bliss job site was April 3, 2007." Resp. 6 (citing Ontiveros Aff. 2).[8]

The Court need not determine whether MTZ last worked on the Project on March 28 or April 3, 2007, because, as set forth *infra,* the Court finds that MTZ communicated notice of its claim within ninety days of either date.

### B. Sufficiency of Notice

Contrary to the allegations set forth in the Complaint, the letter allegedly[9] sent by MTZ to Encon on August 8, 2007, does not alone constitute sufficient notice insofar as it arrived more than ninety days after both March 28 or April 3, 2007. This finding, however, does not dispose of the case.

Ontiveros contacted John Villela, Encon's agent, "in late April ... to discuss the outstanding balance owed to MTZ." Ontiveros Aff. 2. She continued to contact him regarding payment "on a weekly basis through May and June 2007." *Id.* On June 22, 2007, she met with Villela, and provided him with an invoice detailing the work performed by MTZ and stating the balance due, and a list of the materials purchased for the Project, evidenced by

---

7. With regard to MTZ's last day of work, Encon only submits that "the Complaint fails to plead a claim on which relief can be granted because *it does not include the alleged date of the last provision of material or labor on the project.*" Encon Mot. to Dismiss ¶ 6.

8. Ontiveros's affidavit is attached to Plaintiff's Response to Encon's Motion.

9. Encon and MTZ submit conflicting affidavits as to whether or not Encon received this letter. Construing the evidence in MTZ's favor, *Gregson,* 322 F.3d at 885, the Court will assume for purposes of instant inquiry that Encon did in fact receive the letter.

sales receipts. *Id.* She attests that they discussed the invoices and Villela "reviewed the invoice and made . . . notes [on the invoice]." *Id.*

■ There being no evidence to the contrary, "[t]he only reasonable inference from the meeting is that [MTZ] was seeking payment from [Encon] and that the presentation of the unpaid invoice[ ] at the meeting was intended to constitute written notice of [MTZ]'s claim for the amount owed by [H Squared]." *Altech,* 929 F.2d at 1092. This meeting occurred on June 22, 2007, within ninety days of both March 27 and April 3, 2007. As in *Coffee,* the Court concludes that the invoice constitutes sufficient written notice as required by the Miller Act. Moreover, the conversations between Ontiveros and Villela, coupled with the August 2007 letter, indicate that "the nature and state of the indebtedness was brought home to the general contractor." *Id.* Accordingly, the Court concludes that MTZ satisfied its statutory obligation to provide notice to Encon such that its claim is actionable.

## IV. CONCLUSION

Based on the foregoing analysis of facts and law, the Court is of the opinion that Encon's "Motion to Dismiss" and H Squared's "Motion to Dismiss" should both be denied.

Accordingly, **IT IS ORDERED** that Defendant Encon International, Inc. and Suretec Insurance Company's "Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)" and Defendant H Squared Industries, Inc.'s "Rule 12(b)(6) Motion to Dismiss" (Docket Nos. 14 & 19) are **DENIED.**

**SIGNED** this ____ day of July, 2008.