604 P.2d 252

NORMAN S. WRIGHT & CO., S.W., a corporation, Appellant,

v.

Melvin J. SLAYSMAN, dba Mel Slaysman Construction Co.; United Pacific Ins. Company, a corporation; and Reliance Insurance Company, a corporation, Appellees.

No. 14494–PR.

Supreme Court of Arizona, En Banc.

Nov. 8, 1979.

Marks, Shea & Wilks by Richard B. Wilks and James H. Patterson, Phoenix, for appellant.

Henry, Wallach, Kimerer & LaVelle by Michael J. LaVelle and Michael C. Monson, Phoenix, for appellees.

HAYS, Justice.

Defendant-appellee, Melvin J. Slaysman, contracted with the Board of Education for remodeling of and additions to West High School in Phoenix. Appellee in turn subcontracted a portion of the undertaking to Southwest Air Conditioning (hereinafter referred to as the subcontractor). Plaintiff-appellant, Norman A. Wright & Co., supplied the subcontractor with materials used in the West High School project. Upon failure to receive payment, appellant turned to appellee, the general contractor, for compensation under the latter's "Little Miller Act" and general contractors licensing bonds. Summary judgment was granted in favor of appellee from which plaintiff appealed. The Court of Appeals affirmed, and we granted appellant's petition for review pursuant to 17A A.R.S. Rules of Civil Appellate Procedure, rule 23. The opinion

of the Court of Appeals (filed July 12, 1979) is vacated.

Two issues are presented for resolution by this court:

(1) whether appellee received sufficient notice of appellant's "Little Miller Act" claim?

(2) whether A.R.S. § 32–1152 (Supp.1978) requires a contractual relationship?

## "LITTLE MILLER ACT" CLAIM

Appellant last supplied the subcontractor with materials for the West High School project on April 2, 1976. On June 7, 1976, appellant mailed the following letter, with copies of the relevant unpaid invoices attached, to appellee Slaysman:

Mel Slaysman Construction Company

1517 West Saharo Drive

Sunnyside, Arizona

Attn: Butch

Subject: West High School—Fans, Make-up Air Units, Air Curtain, Pennhouses, Hep Vane & Rail, Access Doors

SDN–4–100

Accounts Payable to Norman S. Wright & Co. SW

Balance on above job: $10,809.00

Southwest Air Conditioning, Sub-contractor PO # 685

In accordance with instructions from you this morning, we are attaching hereto copies of invoices NOT PAID on above job.

We did receive joint check for $1,949.00 covering invoices listed and we did issue a "Partial" Lien Waiver on May 10th for this payment.

We shall appreciate your advice as to when we may receive your joint check in the above amount for the invoices as submitted. Thank you for your cooperation and assistance.

Very truly yours,

NORMAN S. WRIGHT & CO. SW

Martha Stewart, Phoenix Accts. Rec.

MS:s

| Attachments | |
| --- | --- |
| Inv. # 12514 | $  3355.00 |
| # 12739 | 2260.00 |
| # 12740 | 3753.00 |
| # 13388 | 585.00 |
| 7157 | 348.00 |
| 8178 | 120.00 |
| 13413 | 348.00 |
| 13318 | 40.00 |
| | $10,809.00 |

A.R.S. § 34–222(A)(2) requires all contractors involved in public construction to post a payment bond for the protection of suppliers of labor or materials. A.R.S. § 34–223(A) grants uncompensated suppliers the right to sue on this bond,

. . . provided however that any such claimant having a direct contractual relationship with a subcontractor of the contractor furnishing such payment bond but no contractual relationship express or implied with such contractor shall have a right of action upon such payment bond upon giving written notice to such contractor within ninety days from the date on which such claimant performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied . . ..

Appellee claims that the June 7 letter constituted insufficient notice, under the above-quoted statutory language, that appellant was looking to it for payment. We cannot agree.

Initially, the letter's subject line indicated that the correspondence concerned accounts payable to appellant, and listed both the balance due the supplier and the name of the debtor subcontractor. In addition, the mailing twice noted the inclusion of copies of unpaid invoices. Of particular significance is the request for the issuance of "your joint check" contained in the final paragraph. The record indicates that this makes reference to drafts issued by appellee jointly to appellant and the subcontractor.

■ Although all of the cases are in agreement in requiring notice as a prerequisite to an action on the contractor's payment bond, there is no requirement in the

statute that the notice adopt a particular form. The writing need refer specifically to neither the Little Miller Act nor the payment bond itself. *See, e. g., Coffee v. United States,* 157 F.2d 968 (5th Cir. 1946) [interpreting the Federal Miller Act, 40 U.S.C. § 270 *et seq.* (1969)]; *Western Asbestos Co. v. TGK Construction Co.,* 121 Ariz. 388, 590 P.2d 927 (1979). In *Western Asbestos, supra,* we decided that the notice requirement is to be liberally construed in order to effectuate the Little Miller Act's purpose of protecting those who furnish labor and material for public works. *See also Coffee, supra.* With this in mind, we hold that the June 7, 1976 letter constituted sufficient notice to appellee that appellant was looking to the general contractor for payment of the subcontractor's bill.

Appellee additionally urges that, having been sent by ordinary, and not registered or certified mail, the June 7 correspondence violated the substance of § 34–223(A).[1] This argument, however, has been previously raised and rejected by this court. *Western Asbestos, supra.*

### LICENSE BOND CLAIM

In addition to its "Little Miller Act" claim, appellant seeks recovery against the surety bond required by A.R.S. § 32–1152 (Supp.1978) of all contractors licensed in the state of Arizona.

Subsection D of § 32–1152 sets forth those persons entitled to recourse against the requisite licensing bond:

> The bonds or deposit required by this chapter shall be for the benefit of any person covered by this subsection. The bond or deposit shall be subject to claims by the registrar of contractors for failure to pay any sum required pursuant to this chapter or by any person who, after entering into a construction contract with the principal is damaged by the failure of the principal to perform the contract <u>or by any person furnishing labor, materials or construction equipment on a rental</u>

<u>basis used in the direct performance of a construction contract</u> (emphasis added).

It is the construction to be given the underscored language which has given rise to the instant dispute. Appellee contends that appellant supplied materials only in the direct performance of its contract with the subcontractor, and may therefore proceed solely against the latter. In other words, appellee would have us interpret the third category of eligible claimants to require a contractual relationship as a prerequisite to recovery on the surety bond. We are persuaded, however, that the more reasoned interpretation precludes such a necessity. Clearly, the second class of allowable claimants includes all persons in a contractual relationship with the contractor. Interpreting the third category to similarly require a contractual relationship would render it redundant and useless since all those contracting with the general contractor are already included within the wording of category number two. We cannot believe this to be the intent of the legislature.

In addition, the contractor's licensing bond statute has been held to be both in *pari materia* with the Mechanics' and Materialmen's Lien Act, A.R.S. § 33–981 *et seq.* (1974) [*Arizona Gunite Builders, Inc. v. Continental Casualty Co.,* 105 Ariz. 99, 459 P.2d 724 (1969)] and "similar to the Miller Act," *supra,* [*B. J. Cecil Trucking, Inc. v. Tiffany Construction Co.,* 123 Ariz. 31, 597 P.2d 184, 186 (1979)]. Based on these conclusions, the Court of Appeals has held that the legislature intended to grant a right of action under § 32–1152(D) to, *inter alia,*

> 3) persons who would be proper mechanics lien claimants under A.R.S. § 33–981 in respect to a private construction contract and persons who would be proper claimants under A.R.S. § 34–222(A)(2) in respect to a public construction project. 597 P.2d 187.

Both of the above-enumerated statutes grant aggrieved suppliers of a subcontractor respective rights of action.

---

1. § 34–223(A) mandates that "[the] notice shall be served by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or at his residence."

For the foregoing reasons, the matter is reversed and remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.