OPINION OF THE COURT
Memorandum.
Final judgment reversed, without costs, petition reinstated and final judgment of possession directed to be entered in favor of landlord.
*557 This is a holdover summary proceeding predicated upon tenant’s failure to renew the lease in a rent-stabilized apartment. The matter was submitted to the court below upon an agreed statement of facts, from which it appears that the lease renewal offer was mailed by landlord by means of certified mail, return receipt requested, and that the certified mail was returned unclaimed. The petition was dismissed by the court, evidently upon the ground that service of the lease renewal offer by certified mail, return receipt requested, was not in compliance with the Rent Stabilization Code, which requires that the notice be sent by "mail”.
In our opinion, service of the lease renewal offer by certified mail was proper compliance with the Rent Stabilization Code. The term "mail” has been defined as the whole body of matter transported by postal agents, or any letter or package forming a component part of it (see, 72 CJS, Postal Service, § 2). When the Legislature has intended service by mail to be made by what the trial court referred to as "ordinary mail”, it has not employed the term "mail” alone but has used such terms as "first class mail” (CPLR 308), "regular first class mail” (RPAPL 735) or "ordinary first class mail” (CCA 1803).
In any event, in 67 8th Ave. Assocs. v Hochstadt (88 AD2d 843), a lease renewal offer was sent, as here, by certified mail. The mail was unclaimed and the lease was not renewed. The Appellate Division, First Department, excused the failure to timely renew inasmuch as tenant was not living in the apartment due to the condition of the premises. Implicit in this determination is a finding that service by certified mail was proper.
We incidentally note that for those dwelling units outside the City of New York covered by the Emergency Tenant Protection Act of 1974, a lease renewal offer is specifically required to be sent by certified mail (9 NYCRR 2503.5), and that the mere request for a return receipt does not change the manner of delivery of such mail (see, United States Postal Service Domestic Mail Manual, parts 912, 932).
We further note that this matter was submitted on an agreed statement of facts which does not set forth any valid excuse for the failure of tenants to timely accept the offer of a renewal lease.