774 P.2d 1348

**In the Matter of a Member of the State Bar of Arizona Ted B. BOWEN, Respondent.**

**No. SB–88–0005–D.**

Supreme Court of Arizona, In Banc.

May 23, 1989.

Ted B. Bowen, Yuma, pro se.

Bowman & Smith by C. Alan Bowman, Yuma, State Bar Counsel.

BARRY C. SCHNEIDER, Superior Court Judge.

## I. JURISDICTION

The State Bar complaint against Ted B. Bowen (Respondent) alleged violations of Disciplinary Rules DR 7–102(A)(1), (2), and (8) and DR 1–102(A)(4).[1]

The Disciplinary Commission of the Supreme Court of Arizona recommended public censure of Respondent. We have jurisdiction pursuant to Rule 53(e), Rules of the Supreme Court.

## II. FACTS

Respondent, an experienced collection lawyer, was hired to collect an unsecured debt evidenced by a promissory note in the sum of $49,000.00. Respondent filed a civil complaint against the debtor. On the same day, January 31, 1985 Respondent recorded with the county recorder a document entitled "lis pendens." The document contained the caption and number of the case, notice that an action had been commenced against the defendant, and notice of plaintiff's intention to obtain a judgment and lien against any of defendant's real property in the county. The document contained no legal description. A copy of the "lis pendens" was not served with the summons and complaint. (A copy of the "lis pendens" is attached as Appendix A.)

The recording of this document caused the debtor to experience difficulty in closing escrow on the sale of property located in the county. The lawsuit was settled soon after the recording of the "lis pendens". The bar complaint followed the day after the case was settled.

Arizona Revised Statute § 12–1191(A)[2] governs the filing and recording of a lis pendens and provides that a lis pendens may be recorded "[i]n an action affecting title to real property." A.R.S. § 12–1191(A). The action filed by Respondent to collect on an unsecured debt did not affect title to real property.

Respondent testified, however, that he had filed similar "lis pendens" in other collection matters. He also stated that the document was not intended to become a lien against a specific parcel of real property, and, in fact did not refer to any particular parcel of real property. He argued that the action was constitutionally protected by

---

1. This matter is governed substantively by the Code of Professional Responsibility in effect at the time of the alleged occurrences and is governed procedurally by Rule 53, Rules of the Supreme Court, adopted by this court in 1984. The pertinent Disciplinary Rules provide as follows:

    DR 7–102. Representing a Client Within the Bounds of the Law
    (A) In his representation of a client, a lawyer shall not:
    (1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.
    (2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.
    . . . .
    (8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

DR 1–102. Misconduct
(A) A lawyer shall not:
. . . .
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

2. A.R.S. § 12–1191(A) reads as follows:
Notice of pendency of action affecting title to real property; filing; constructive notice to purchaser or incumbrancer; release of notice of pendency of action; failure to issue release; penalty
A. In an action affecting title to real property, plaintiff at the time of filing the complaint, or thereafter, and defendant at the time of filing his pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense. The notice shall contain the names of the parties, the object of the action or affirmative defense, the relief demanded and a description of the property affected.

the first amendment and by prior Arizona case law that immunized the filing of a lis pendens from liability for slander of title, *Stewart v. Fahey*, 14 Ariz.App. 149, 481 P.2d 519 (1971), or for abuse of process, *Gray v. Kohlhase*, 18 Ariz.App. 368, 502 P.2d 169 (1972). Respondent further testified that he was not aware of the decision in *Richey v. Western Pacific Development Corp.*, 140 Ariz. 597, 684 P.2d 169 (Ct.App. 1984), which held that the groundless filing of a lis pendens violates A.R.S. § 33–420 and subjects the filer to civil liability, including treble damages and attorney's fees. In short, Respondent argued that he did not possess the requisite knowledge or intent to violate the disciplinary rules.

As for his purpose in recording the "lis pendens," Respondent testified that it was a strategy he used when he believed there was a possibility that the debtor, once apprised of the lawsuit, would attempt to transfer or conceal his assets. By recording the "lis pendens," Respondent hoped to prevent such a transfer.

The Local Hearing Committee recommended dismissal of the complaint. In its initial findings of fact and conclusions of law, it held that the "lis pendens" recorded by Respondent was neither the type proscribed by A.R.S. § 33–420 and *Richey*, nor that contemplated by A.R.S. § 12–1191.

The Disciplinary Commission, after hearing sworn testimony, remanded the proceedings to the Local Hearing Committee to determine whether Respondent possessed the knowledge required for a violation of the disciplinary rules and to determine what Respondent intended to accomplish by recording the document.

Upon remand, the Local Hearing Committee made more detailed findings in a supplemental report which, in effect, adopted and approved all of Respondent's arguments. Again, the Local Hearing Committee recommended dismissal of the complaint.

The Disciplinary Commission rejected most of the Local Hearing Committee's findings of fact contained in the supplemental report and concluded, as a matter of law, that a lis pendens is a lis pendens and what Respondent filed is governed by A.R.S. § 12–1191. The Commission found that Respondent violated DR 7–102(A)(1), (2), and (8) and recommended public censure.[3]

## III. DISCUSSION

We agree that Respondent violated DR 7–102(A)(2), but disagree that he violated DR 7–102(A)(1) and (8).

■ To find an ethical violation under DR 7–102(A)(1), the evidence must be clear and convincing that Respondent acted "merely to harass or maliciously injure another." *See* Rule 54(c), Rules of the Supreme Court. The evidence shows that Respondent acted to obtain an advantage for his client. He was, therefore, not motivated to merely harass or injure. DR 7–102(A)(1) does not apply.

DR 7–102(A)(8) simply provides that a lawyer shall not "[k]nowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule." As applied to this case, this provision adds nothing of substance. It should not be considered as a basis for finding an ethical violation in this case.

■ With respect to DR 7–102(A)(2), we are of the opinion that Respondent is guilty of an ethical violation for "knowingly advancing a claim ... that is unwarranted under existing law."

Respondent's first argument is that the Disciplinary Commission abused its discretion and should have given greater weight to the findings of the Local Hearing Committee. The simple answer to this argument is that this court sits as an independent trier of fact and law. *In re Kersting*, 151 Ariz. 171, 172, 726 P.2d 587, 588 (1986). As a consequence, the findings and recommendations of the committee and commission are advisory only and not binding on

---

**3.** Neither the Local Hearing Committee nor the Disciplinary Commission made a finding concerning DR 1–102(A)(4).

---

this court. We do, however, give great weight to the findings of fact and conclusions submitted by a local committee, especially when credibility of witnesses is necessary to determine the facts. *Ibid.* In the instant case, the credibility of witnesses is not essential to the ultimate disposition. There is a sufficient basis in the record from the admissions of Respondent himself to support the finding of an ethical violation. He admitted that he used the "lis pendens" in other cases where the action did not involve title to real property. His purpose, as he testified, was to prevent future transfers of the property. In other words, by recording this document and clouding the record, Respondent attempted to circumvent the strict requirements of the Arizona Provisional Remedies Act. A.R.S. §§ 12–2401 through 2412. This act requires a creditor to post security and give notice and opportunity to be heard by the debtor. The effective and proper use of provisional remedies has the practical effect of forcing early capitulation by the debtor. *See Arizona Civil Remedies* § 2–19 (1982). Provisional remedies are powerful weapons in a creditor's arsenal. The due process safeguards embodied in the Provisional Remedies Act are necessary to temper this power. Recording a "lis pendens" to circumvent these restrictions constitutes the knowing advancement of a claim that is unwarranted under existing law, in violation of DR 7–102(A)(2). By his own admission, Respondent knew that he used A.R.S. § 12–1191 for purposes he understood to be outside the scope of the statute. That knowledge is sufficient to constitute a violation of DR 7–102(A)(2) even though Respondent did not intend to injure, annoy, or harass the opposing party.

Respondent next argues that he was unaware of the holding in *Richey* and believed that his conduct was immune from tort liability. This argument is also without merit. The fact is that he knew that a lis pendens was not available but nevertheless filed and recorded the "lis pendens" for the purposes already discussed. Immunity from civil liability for tortious conduct is determined by considerations of public policy separate and apart from the policies underlying the disciplining of lawyers. The recognized purposes to be achieved by lawyer discipline are to protect the public, ensure the administration of justice, and maintain the integrity of the profession. *ABA Standards for Imposing Lawyer Sanctions,* Preface, sub-paragraph B (1986). Certainly the purposes to be served by lawyer discipline differ from the purposes to be served by imposing tort liability for recording a groundless document. The privilege to practice law must be governed by more exacting standards than what is required to expose an individual to tort liability. Thus, whether or not Respondent was aware of *Richey,* he was, by his own admission, aware of the provisions of A.R.S. § 12–1191, which permitted the recording of a lis pendens only when the action affected the title to real property. The evidence is thus sufficient to find by clear and convincing evidence that Respondent committed an ethical violation.

Respondent also argues that his conduct was constitutionally protected speech. Respondent cites *In re National Service Corp.,* 742 F.2d 859 (5th Cir.1984), in support of this argument. In *National,* a Chapter 11 bankrupt had contracted for advertising space on billboards. When the bankrupt did not pay its bills to the billboard company, the billboard company superimposed over the billboards a message, "Beware, This Company Does Not Pay Its Bills." The bankrupt sought an injunction. The injunction was disallowed on the ground that the activities of the billboard company amounted to protected speech. Obviously, *National* did not involve lawyer discipline.

Although not discussed by Respondent, there are situations where the first amendment may protect a lawyer from discipline. In *Bates v. State Bar,* 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), the United States Supreme Court held that the first amendment invalidated an overlybroad disciplinary rule which barred all advertising by lawyers. The disciplinary rule gave way to the right to protected speech because the disciplinary rule served "to inhibit the free flow of commercial information

and to keep the public in ignorance." *Id.* at 365, 97 S.Ct. at 2700. Commercial speech in the form of lawyer advertising was regarded as performing "an indispensable role in the allocation of resources in a free enterprise system." *Id.* at 364, 97 S.Ct. at 2699. It "serves individual and societal interests in assuring informed and reliable decisionmaking." *Ibid.* Nothing so laudatory can be said about Respondent's recording of the "lis pendens" here. Nor can it be said that DR 7–102(A)(2) unconstitutionally prohibits the exercise of protected speech. All that DR 7–102(A)(2) does is prohibit the knowing advancement of a claim that is unwarranted under existing law.

In short, we are of the opinion that Respondent's conduct does not constitute protected speech under *National* or *Bates.*

Respondent's last argument is that the evidence was insufficient to find that he intended to harass or injure the debtor. We have already indicated our disagreement with the commission's finding in this respect. The basis for finding an ethical violation against this Respondent is not that he intended to injure or harass, but that he knowingly advanced a claim that was unwarranted under existing law.

## IV. SANCTION

The Disciplinary Commission recommended public censure. We agree that this is the appropriate sanction.

In considering what sanction to impose for violation of DR 7–102, the *ABA Standards for Imposing Lawyer Sanctions* states:

> Reprimand [public censure] is generally appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

ABA *Standards for Imposing Lawyer Sanctions,* Standard 6.13, (1986). *Standard* 6.14 further provides the circumstances under which admonition, or, under our system, informal reprimand, is appropriate:

> Admonition [informal reprimand] is generally appropriate when a lawyer engages in an isolated instance of neglect in determining whether submitted statements or documents are false or in failing to disclose material information upon learning of its falsity, and causes little or no actual or potential injury to a party, or causes little or no adverse or potentially adverse effect on the legal proceeding.

In the instant case, Respondent admitted utilizing this procedure as a common practice. This was not an isolated instance. Accordingly, we believe that public censure, as opposed to informal reprimand, is appropriate.

Respondent is publicly censured and assessed costs in the amount of $1,434.53.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.

CAMERON, J., did not participate in this decision; pursuant to Ariz. Const. art. 6, § 3, Judge Barry C. Schneider of the Superior Court of Arizona, County of Maricopa was designated to sit in his stead.

# APPENDIX A

DKT 1419 · 350

01966

I hereby certify that the within instrument was ... filed ... at the request of

~~~~~~~~~~

1985 JAN 31 PM 2 38

Docket _____ 1419

Page _____ 350

Witness my hand and official seal the day and year aforesaid.

GLENYS E. SCHMITT

_____ County Recorder

By _____ G. Burton
Deputy Recorder

5 ro

TED B. BOWEN of
WESTOVER, CHOULES & SHADLE, P.C.
2260 So. Fourth Avenue, Suite 2000
Yuma, AZ 85364
Tel: (602) 783-8321

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF YUMA

| | |
|---|---|
| BEST PRODUCTS CO., INC. aka Basco, Inc., | Civil No. _____ |
| Plaintiff, | |
| vs. | LIS PENDENS |
| WILLIAM G. MacBETH, DRUSILLA MacBETH, CHESTER W. ALLEN, JANE DOE ALLEN (wife of CHESTER W. ALLEN, individually, jointly and severally, | |
| Defendants. | |

NOTICE IS HEREBY GIVEN of the commencement of this contract legal action, and the intention of plaintiff upon obtaining judgment to record such judgment as a lien upon any real property of the defendants in this County.

DATED this 31st day of January, 1985.

WESTOVER, CHOULES & SHADLE, P.C.

By _____
   Ted B. Bowen
   Attorneys for Plaintiff

STATE OF ARIZONA }
                 } ss.
COUNTY OF YUMA   }

I, GLENYS E. SCHMITT, Recorder in and for the County of Yuma, State of Arizona, do hereby certify that the attached and foregoing is a full, true and correct copy of ___Lis Pendens___

___Best Products Co.,Inc. (aka Basco,Inc.) Vs. William G. MacBeth,Drusilla MacBeth, Chester W. Allen,Jane Doe Allen___

as recorded in ___Dkt. 1419___ at page _350_, Records of Yuma County, Arizona.

In Witness Whereof, I have hereunto set my hand and official seal this ___28th___ day of ___May___, A.D., 19 86

(SEAL)

GLENYS E. SCHMITT, County Recorder

By _Patricia Moreno_
   Deputy