832 P.2d 192

**In the Matter of a Member of the State Bar of Arizona, Edward Lewis HOHN, Respondent.**

**No. SB–91–0019–D.**

Supreme Court of Arizona,
En Banc.

May 14, 1992.

Reconsideration Granted in Part and Denied in Part and Opinion Amended July 7, 1992.

Edward L. Hohn, pro se.

State Bar of Arizona by Harriet L. Turney, Phoenix, and Westover, Choules & Shadle by Wade Noble, Yuma, for State Bar of Ariz.

OPINION

FELDMAN, Chief Justice.

The Disciplinary Commission of the Supreme Court (Commission) recommended in its report that we sanction Edward L. Hohn (Respondent) for violating several disciplinary rules. Respondent filed a notice of appeal, seeking review of the Commission's report. We have jurisdiction pursuant to Rule 53(e), Ariz.R.Sup.Ct., 17A A.R.S. (hereinafter Rule ___).

PROCEDURAL HISTORY

On July 11, 1986, the State Bar filed a formal complaint charging Respondent with ten counts of violating the former Code of Professional Responsibility, Rule 29 (hereinafter DR), and the current Arizona Rules of Professional Conduct, Rule

42 (hereinafter ER).[1] The State Bar alleged a total of seventeen instances of unethical conduct arising from Respondent's personal business dealings, his self-representation in various legal proceedings, and his actions in attorney-client relationships.

The State Bar Hearing Committee (Committee) concluded that Respondent violated DR 1–102(A)(4) (misrepresentation), (5) (prejudice to the administration of justice), and (6) (conduct adversely reflecting on fitness to practice), and DR 7–102(A)(5) (knowingly making false statement), as alleged in Count One, stemming from his self-representation in a dispute arising from his personal business dealings. Committee Findings of Fact, Conclusions of Law, Recommendations and Opinion at 2 (Oct. 3, 1990) (hereinafter Committee Findings). The Committee recommended that Respondent be publicly censured, complete eight hours of continuing legal education, and be assessed costs. *Id.* The Committee found no other violations and dismissed the remaining counts.

Respondent did not appeal the Committee's findings, conclusions, and recommendations. The Commission accepted the Committee's findings and conclusions, except as to Count Four, in which it made an additional finding of fact and concluded that Respondent violated ER 4.2 (communication with party represented by counsel). Disciplinary Commission Report at 1–3 (Feb. 9, 1991) (hereinafter Commission Re-

port). The Commission agreed with the sanctions recommended by the Committee. *Id.* at 2. Two Commissioners, voting in the minority, recommended that Respondent be suspended for six months. *Id.* at 7–8. Respondent then appealed to this court.[2] We thus proceed to examine the counts under which the Commission found violations.

## DISCUSSION

### A. Standard of Review

We are guided by well-defined principles in reviewing disciplinary proceedings from the State Bar Committees and Commission: (1) this court is an independent trier of both fact and law; (2) we give serious consideration to the findings and recommendations of the Committee and Commission, but we must be persuaded by clear and convincing evidence that respondent violated the applicable ethical standards; and (3) we have the ultimate responsibility for imposing the appropriate sanction. *See In re Lincoln,* 165 Ariz. 233, 235–36, 798 P.2d 371, 373–74 (1990).

### B. Count One

#### 1. *Facts*

Beginning in approximately 1982, Respondent and his wife owned and operated a mobile home park near Quartzsite, Arizona. On October 1, 1984, they hired a married couple as resident managers of the

---

**1.** The current Arizona Rules of Professional Conduct in Rule 42 replaced the Arizona Code of Professional Responsibility in former Rule 29(a) effective February 1, 1985. Thus, we apply the former Disciplinary Rules to Respondent's conduct occurring prior to February 1, 1985, while we apply the current Ethical Rules to his conduct occurring after that date.

**2.** Respondent appealed to this court even though he did not object to the Committee's findings and recommendations, and the Commission did not recommend any additional sanctions. We recognize that Rule 53(d) contemplates review by the Commission even without an appeal by a respondent. Rule 53(e) further provides for review by this court if a respondent merely files a notice of appeal within ten days of service of the Commission report. Thus, the rules do not strictly foreclose review by this court.

Rule 53(c)(5), however, provides that "[f]ailure of respondent to [object timely to the committee report] shall constitute consent to the discipline recommended by the committee." In addition, under current Rule 52(a), the Commission can impose public censure, probation, and, in instances of private discipline, restitution without review by this court. Furthermore, a probable cause panel in addition to the Commission can impose informal reprimand and, if part of private discipline, assess costs without review by this court.

We review this matter because of the nature of the charges and the need to explain current law. We believe that in most instances, however, a respondent who does not object to a committee's recommendations of sanctions not requiring review by this court may be deemed to have waived any objection to those recommendations when they are subsequently adopted by the Commission.

park. The Hohns terminated the managers' employment on December 29, 1984 and filed suit, apparently alleging both contract and tort claims, regarding the managers' employment performance. Respondent also accused the managers of destroying his airplane by putting water in its gas tank. Respondent represented the marital community in *propria persona*. The managers filed a counterclaim, and all claims were ultimately settled.

On January 9, 1985, during the course of litigation, Respondent recorded a notice of lis pendens in Alaska, where the managers had previously lived and still owned property. Respondent completed the notice on a printed *Arizona* lis pendens form that included the *Arizona* lis pendens statute. The notice identified certain real property owned by the managers in Alaska and reflected that Respondent's legal office had prepared it. Although the basis of the litigation is not entirely clear, Respondent acknowledged that the suit did not affect title to the Alaska property or any other real property. Alaska law, similar to Arizona law, provides that a lis pendens may only be filed in actions affecting title to real property. *See* Alaska Rev.Stat. § 09.-45.790; A.R.S. § 12–1191. Respondent acknowledged that this was his first attempt at filing a notice of lis pendens, that he was unfamiliar with the applicable legal doctrines, and that he did not review the relevant Arizona and Alaska statutes. On March 8, 1985, on advice of counsel, Respondent voluntarily removed the notice. The Committee and Commission concluded that by improperly filing the lis pendens, Respondent unlawfully attempted to "tie up" the managers' property to gain an advantage in his ongoing litigation. Committee Findings at 8, Commission Report at 4.

In addition to the notice of lis pendens, Respondent sent a letter to an Alaskan title and trust company asserting a claim to "any ... lands, property, or money held in escrow or to be received relating to" the managers. The letter demanded that the title company "hold any such property or money in your possession subject to the conclusion of this claim," or face legal action from Respondent. The Committee and Commission believed that Respondent intended the letter to serve, in effect, as a pre-judgment writ of attachment or garnishment. Committee Findings at 8. Upon receiving the letter, the title company halted payments from an escrow involving the managers' property. The managers testified that they had to retain an attorney to force the title company to continue making payments out of the escrow account.

### 2. Legal Principles

We have previously held that an attorney violates his or her ethical obligations by knowingly recording a wrongful lis pendens. *In re Bowen,* 160 Ariz. 558, 561, 774 P.2d 1348, 1351 (1989). In *Bowen,* the attorney was an experienced collection lawyer who filed a self-crafted lis pendens form in conjunction with a contract action not affecting title to real property. The attorney also testified that he had regularly filed similar lis pendens in other collection matters. *Id.* at 559, 774 P.2d at 1349. We held that Bowen violated DR 7–102(A)(2) by knowingly advancing a claim that was unwarranted under existing law. *Id.* at 560, 774 P.2d at 1350.

The legislature has also recognized the importance of protecting property owners from persons who knowingly claim a false "interest in, or a lien or encumbrance against real property." *See* A.R.S. § 33–420. The statute imposes civil and criminal penalties on a person "who causes a document asserting such claim to be recorded or filed." A.R.S. § 33–420(A). This provision includes filing a groundless lis pendens notice. *See Richey v. Western Pac. Dev. Corp.,* 140 Ariz. 597, 684 P.2d 169 (Ct.App.1984). There are limits as to who is liable under the statute, and we emphasize that these disciplinary proceedings are not intended to address Respondent's statutory liability or nonliability. *See Wyatt v. Wehmueller,* 163 Ariz. 12, 785 P.2d 581 (Ct.App.1989), *vacated in part,* 167 Ariz. 281, 806 P.2d 870 (1991). Nevertheless, the legislative policy illustrates the seriousness of the ethical violation.

Respondent argues that this was the first lis pendens he had ever filed, that he was unaware of any impropriety in filing one in this matter, and that he removed it once he learned that it was "inappropriate." He argues that, under the circumstances, he did not violate the Disciplinary Rules. We disagree.

The State Bar charged Respondent with violating various Disciplinary Rules, the most significant of which in this case are DR 1–102(A)(4) ("[e]ngag[ing] in conduct involving ... misrepresentation") and DR 7–102(A)(5) ("[k]nowingly mak[ing] a false statement of law or fact"). We agree with the Committee and the Commission that the record clearly establishes that Respondent filed the notice of lis pendens and sent the demand letter to the title company in an attempt to circumvent the constitutional and statutory requirements for provisional remedies. Despite Respondent's inexperience in provisional remedy matters, he filed the notice without any research into the applicable Arizona and Alaska laws. Respondent testified that he spoke with an Alaskan attorney regarding Alaskan lis pendens law, but the attorney herself testified that she did *not* give Respondent advice on the applicable lis pendens statutes. Reporter's Transcript of Proceedings Before the Hearing Committee at 94–104 (Dec. 5, 1989). The form Respondent filed itself noted the applicable Arizona statute and stated that the real property described was "affected by [the noted] action." We believe this is sufficient to support a finding of conduct involving misrepresentation and making a knowing false statement of law or fact. A lawyer may not close his eyes to the statute in front of him and then claim he did not know the law. Nor may he fail to consult the books in the library and then claim his mistakes were due to inadvertent ignorance of the law. Failure to read the statutes or visit the library is not a defense to charges of a lawyer's knowing or intentional misconduct. Any other conclusion would reward deliberate ignorance.

## C. Count Four

■ On October 1, 1985, Respondent hired another married couple as resident managers of the Quartzsite mobile home park for a total of $1,000 per month. Respondent terminated the managers' employment on October 29, 1985, after paying them only $500. The managers retained an attorney to collect the remaining $500 of compensation from Respondent. On December 23, 1985, that attorney sent Respondent a demand letter by certified mail. Respondent's wife received the letter on December 26.

Mrs. Hohn testified that she occasionally acted as Respondent's legal secretary. She testified that she did not open the lawyer's demand letter until January 6, 1986, and that she had no knowledge of its contents. Respondent earlier told Mrs. Hohn to handle the payment matter with the managers, but he testified that he was inclined not to pay them.

On January 3, 1986, before opening the demand letter, Mrs. Hohn sent the managers a check for $200, which they accepted as full settlement of their claim. Both Respondent and his wife testified that, at that time, neither of them knew that the managers were represented by counsel. The State Bar charged Respondent with engaging in settlement negotiations directly with a party represented by counsel, in violation of ER 4.2.

ER 4.2 provides that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer *knows* to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." ER 4.2 (emphasis added). The State Bar argued that Respondent's disregard of the certified letter from the managers' attorney should constitute imputed knowledge of its contents. The Committee concluded that

> were this a civil matter involving the claimed compensation, the Committee would hold Respondent accountable for the contents of the envelope admittedly received and intentionally not opened. However, the burden of the State Bar is

that a violation of Rule 42 be established by clear and convincing evidence. The Committee finds that a violation [of ER 4.2] was not established by clear and convincing evidence, and therefore Count Four should be dismissed.

Committee Findings at 13. The Commission, however, rejected the Committee's conclusion, stating that

the Respondent is accountable for the contents of the envelope admittedly received and intentionally unopened. The State Bar has met its burden of proof in establishing a violation of Rule 42, ER 4.2.

Commission Report at 13. We agree with the Committee's conclusion. While we do not approve of a lawyer's intentional delay or failure to adopt a system of opening letters from other lawyers, on this record we do not believe there is clear and convincing evidence that Respondent *himself* either knew the managers were represented by counsel or knew he had received a letter pertaining to the managers' legal matter. While Respondent's wife occasionally acted as his legal secretary, she testified that she did not know the contents of the letter received at the couple's residence and put it aside until after their holiday vacation. Respondent's wife then handled the matter, which involved the couple's personal business dealings, before opening the letter and showing it to Respondent. We believe that this evidence is insufficient to establish a violation of ER 4.2.

D. Sanction

We look to the ABA *Standards for Imposing Lawyer Sanctions* (1986) (hereinafter *ABA Standards*) to aid our determination of the appropriate sanction and recognize that "the purpose of bar discipline is not to punish the lawyer but to deter others and protect the public." *In re Kersting*, 151 Ariz. 171, 179, 726 P.2d 587, 595 (1986) (citation omitted). As to misrepresentation, Standard 6.13 states that "[r]eprimand [3] is generally appropriate when a

lawyer is negligent ... in determining whether statements or documents are false ..., and causes injury or potential injury to a party to the legal proceeding." *ABA Standards* at 41. Additionally, Standard 5.13 states that "[r]eprimand is generally appropriate when a lawyer knowingly engages in any ... conduct that involves ... misrepresentation and that adversely reflects on the lawyer's fitness to practice law." *ABA Standards* at 37. Further, the Commentary to Standard 2.5 states that a "reprimand is not always sufficient to protect the public; it may also be appropriate to attach additional conditions to a reprimand. When a lawyer lacks competence in one area of practice, for example, the court could impose a reprimand and also require the lawyer to attend continuing education courses." *ABA Standards* at 22.

We believe that requiring Respondent to complete continuing legal education in the areas of creditors' rights and provisional remedies, in addition to a public censure, will assist in protecting the public from similar misconduct by Respondent and others. *See In re Arrick*, 161 Ariz. 16, 23, 775 P.2d 1080, 1087 (1989) (noting attorney's inexperience and conduct in probate matters in requiring attorney to complete a course from an ABA-accredited law school).

Further, in prescribing the appropriate sanction, we must be "mindful of our goals to prescribe discipline consistent and proportional to that previously imposed in similar situations." *Arrick*, 161 Ariz. at 22, 775 P.2d at 1086 (citing *In re Pappas*, 159 Ariz. 516, 526, 768 P.2d 1161, 1171 (1988)). We believe that these sanctions are proportionate to those imposed in a comparable case. *See Bowen*, 160 Ariz. at 562, 774 P.2d at 1352 (experienced collection attorney publicly censured for filing groundless lis pendens as a common practice).

We also agree with the Committee and the Commission that the record clearly establishes that several aggravating factors

---

**3.** Standard 2.5 defines reprimand as "a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice." *ABA Standards* at

22. This is comparable to the public censure sanction under the Arizona rules. *See* Rule 52(a)(4).

and no mitigating factors exist in this matter. First, Respondent demonstrated significant animosity toward witnesses, complainants, and representatives of the State Bar and did not effectively prepare to represent himself, thus unnecessarily increasing the length and complexity of the proceedings. Respondent also has substantial experience of approximately twenty-five years in the practice of law. Finally, Respondent's secretary used a rubber stamp signature on original Bar documents and also stamped them "Dictated but not read." If Rule 11, Ariz.R.Civ.P., 16 A.R.S., applied to bar disciplinary cases, a matter we need not decide at this time, Respondent's conduct clearly would have violated that rule, as it requires an unrepresented party to sign pleadings and other papers to certify their contents. Even if Rule 11 does not apply, Respondent's methods demonstrate an improperly cavalier attitude toward bar discipline matters. We believe these aggravating factors warrant our imposing an additional twelve hours of continuing legal education in the area of legal ethics.

## DISPOSITION

Respondent violated DR 1–102(A)(4), (5), and (6), and DR 7–102(A)(5) by wrongfully filing the lis pendens and sending the claim letter to the Alaskan title company in an attempt to freeze the managers' assets. Thus, by this opinion:

1. Respondent is publicly censured.

2. Respondent is ordered to complete at least twenty hours of continuing legal education: eight hours in a course in creditors' rights, one portion of which shall emphasize provisional remedies, and twelve hours in a course in legal ethics. The course or courses shall be either approved for credit under the CLE requirements of the State Bar or approved in advance by the disciplinary office of the State Bar, and shall be completed within one year. Respondent shall report satisfactory completion of this requirement in writing to the State Bar's disciplinary office.

3. Respondent is assessed the costs incurred by the State Bar in the amount of $4,230.59.

MOELLER, V.C.J., CORCORAN, J., and CAMERON, J. (retired), concur.

Justice FRANK X. GORDON, Jr. participated in the determination of this matter but retired prior to the filing of this opinion.