875 P.2d 1349

**NORTHLAND PIONEER COLLEGE, Appellant,**

v.

**Thelma J. ZARCO,**

and

**Arizona Department of Economic Security, Appellees.**

No. 1 CA–UB 93–0067.

Court of Appeals of Arizona, Division 1, Department D.

June 7, 1994.

Aspey, Watkins & Diesel by Jane A. Butler, Flagstaff, for appellant.

Grant Woods, Atty. Gen. by Terrance R. Harris, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

McGREGOR, Judge.

This appeal involves the requirements for timely filing a petition seeking review of a decision by the Arizona Department of Economic Security (DES) Appeals Board. The central question is whether, for purposes of determining when a petition for review is filed, delivery of the petition to a private document carrier is equivalent to delivery of the petition to the United States Postal Service. We hold it is not and affirm.

## I.

Northland Pioneer College (Northland) employed Thelma J. Zarco from July 1, 1990 until October 7, 1992. Following her discharge, Zarco filed a claim for unemployment insurance benefits with DES. On October 22, 1992, a DES deputy issued a determination finding that Northland discharged Zarco for misconduct and that Zarco therefore was not entitled to receive unemployment insurance benefits. Zarco filed a request for reconsideration with the appeals tribunal. After a hearing on November 23, 1992, the appeals tribunal reversed the deputy's determination, finding that Zarco "did not knowingly violate [Northland's] policy and procedure."

On December 8, 1992, Northland sent a petition for review by Federal Express, which the office of appeals received on December 9, 1992. The appeals board summarily dismissed Northland's petition for review after deciding that Northland did not timely file the petition. In reaching this decision, the appeals board relied upon the following statute and regulation:

[A]n appeal tribunal, after giving reasonable notice and affording all interested parties reasonable opportunity for a fair hearing, shall make a decision.... *The decision shall become final unless within fifteen days after mailing of the decision any interested party files a written petition for review with the appeals board....*

Ariz.Rev.Stat.Ann. ("A.R.S.") § 23–671.D (Supp.1993) [hereinafter section 28–671.D] (emphasis added). The relevant regulation provides:

A. Except as otherwise provided by statute or by Department regulation, any *... petition [for review] ... shall be considered received by and filed* with the Department:

1. *If transmitted via the United States Postal Service or its successor, on the date it is mailed as shown by the postmark,* or in the absence of a postmark the postage meter mark, of the envelope in which it is received; or if not postmarked or postage meter marked or if the mark is illegible, on the date entered on the document as the date of completion.

2. *If transmitted by any means other than the United States Postal Service or its successor, on the date it is received by the Department.*

Ariz.Admin.Code § R6–3–1404.A (1993) [hereinafter R6–3–1404.A] (emphasis added).

The appeals board found that a copy of the appeals tribunal's decision was sent by certified mail to Northland on November 23, 1992. Pursuant to section 23–671.D, therefore, the tribunal's decision became final unless Northland filed a petition for review by December 8, 1992. The appeals board also found that because Northland used a "means

other than the United States Postal Service" to transmit its petition for review, the petition was not filed until the board received it on December 9, 1992. The appeals board then concluded that Northland's petition for review was untimely.

Northland timely filed a request for review, but the appeals board affirmed its decision on March 31, 1993. Northland now seeks review by this court, which has jurisdiction pursuant to A.R.S. section 41–1993.B (1992).

 In reviewing decisions from the appeals board, this court may draw its own legal conclusions in determining whether the appeals board properly interpreted the law and applied it to the facts. *Castaneda v. Arizona Dep't of Economic Sec.,* 168 Ariz. 491, 494, 815 P.2d 418, 421 (App.1991). Although we can draw our own legal conclusions, we give an agency's interpretation of its own regulations great weight. *Capitol Castings, Inc. v. Arizona Dep't of Economic Sec.,* 171 Ariz. 57, 60, 828 P.2d 781, 784 (App.1992).

## II.

 Northland first contends the appeals board should have considered its petition for review timely filed because any delay in filing was due to "misinformation" from DES. *See* Ariz.Admin.Code § R6–3–1404.B (1993).[1] The alleged "misinformation" involves the appeal tribunal's written decision, which includes the following section titled "Appeal Rights":

THIS APPEAL TRIBUNAL DECISION WILL BECOME FINAL WITHIN FIFTEEN (15) CALENDAR DAYS OF THE MAILING DATE SHOWN AT THE TOP OF THE DECISION UNLESS WITHIN THAT PERIOD AN INTERESTED PARTY INITIATES A FURTHER APPEAL BY FILING A WRITTEN PETITION FOR REVIEW BY THE APPEALS BOARD OR THE BOARD REMOVES THE CASE TO ITSELF ON ITS OWN MOTION.

---

1. Section R6–3–1404.B provides: "The submission of any ... petition [for review] ... shall be considered timely if it is established to the satisfaction of the Department that the delay in submission was due to: Department error or misinformation...."

A petition for review may be filed in person at any public employment office in the United States or Canada, or by letter to the Arizona Department of Economic Security, Office of Appeals, 207 East McDowell Road, Phoenix, AZ 85004. *If the petition is filed by mail, the postmark date will be the date of the appeal.* The petition should contain a statement setting forth the reasons for the appeal, your social security number, and your telephone number. The petition for review must be signed by the petitioning party. (Emphasis added.)

Northland argues it was misinformed because this language does not distinguish between the date a petition is considered filed when a party sends it by the United States Postal Service and the date of filing when a party sends the petition by a private document delivery service, such as Federal Express. Further, Northland contends, a party should not be expected to know that DES treats a private document carrier differently for filing purposes than it treats the United States Postal Service. We disagree.

In the information provided with its decision, DES correctly summarized the important terms of section 23–671 and R6–3–1404.A. We do not regard DES's use of the term "mail" as inaccurate or misleading. As the appeals board stated in rejecting Northland's request for review,

> While it is undisputed that there are many private companies engaged in the delivery of documents for a fee, the only entity authorized to deliver mail is the United States Postal Service. Further, the language above specifically refers to the postmark as being the date of the appeal. Again, private document delivery services cannot affix a postmark on any document under the company's control. Postmarks are made exclusively by the United States Postal Service.

Furthermore, Northland does not suggest that the language of the applicable regulation is unclear or ambiguous if read in its entirety. Northland cannot avoid the mandate of a published regulation by claiming DES did not advise Northland of the contents of the regulation. *See In re Hohn,* 171 Ariz. 539, 542, 832 P.2d 192, 195 (1992) (a lawyer cannot claim mistakes were due to inadvertent ignorance of the law); *In re Hesse's Estate,* 65 Ariz. 169, 171, 177 P.2d 217, 219 (1947) (attorneys are bound to know the law).

Next, Northland contends the appeals board should have considered its petition timely filed, even though it failed to comply with the time requirements in section 28–671.D and R6–3–1404.A. Northland argues that private carriers, such as Federal Express, are so commonly used to deliver documents that these services should be considered equivalent to the United States Postal Service, citing *State v. Savage,* 117 Ariz. 535, 573 P.2d 1388 (1978) (where through custom and practice the court uses mail slots in the courthouse to deliver documents, this constitutes "mailing" for the purpose of service). Northland also argues that the purpose of R6–3–1404.A is to ensure the appeals board receives the petition, not to restrict the manner that a party can choose to transmit the petition.

Northland's argument misconstrues the basis for the appeals board's decision. R6–3–1404.A does not prohibit a party seeking review from using a private document carrier, such as Federal Express. If a party uses a private carrier, however, the regulation clearly discloses that the appeals board will not consider the petition filed until it is received. Northland's mistake in assuming private carriers are treated the same as the United States Postal Service for filing purposes, even if for good cause, does not waive the requirements of R6–3–1404.A. *Roman v. Arizona Dep't of Economic Sec.,* 130 Ariz. 581, 582, 637 P.2d 1084, 1085 (App.1981) ("good cause" is not one of the enumerated exceptions which allows DES to consider a delayed submission as timely filed). In support of its proposition that the appeals board should consider the manner a party chooses to transmit a petition for review irrelevant, Northland cites *Western Asbestos Co. v. TGK Constr. Co.,* 121 Ariz. 388, 590 P.2d 927 (1979), *Norquip Rental Corp. v. Sky Steel Erectors, Inc.,* 175 Ariz. 199, 854 P.2d 1185

(App.1993), and *Norman S. Wright & Co. v. Slaysman,* 124 Ariz. 330, 604 P.2d 261 (App. 1979), *vacated,* 124 Ariz. 321, 604 P.2d 252 (1979). These cases, however, are factually and legally distinguishable from the issue presented. In the cited cases, the courts considered statutes that required delivery by registered mail and held that a party's failure to use registered mail is not fatal if the document reaches the addressee in a timely fashion. In contrast to the cited cases, here the delivery was not timely.

## III.

For the reasons stated above, we affirm the appeals board's order summarily dismissing Northland's petition for review.

GERBER, P.J., and GRANT, J., concur.