**Paul H. GANTT, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–2252.

United States Court of Veterans Appeals.

June 5, 1998.

Before KRAMER, FARLEY, and IVERS, Judges.

## ORDER

PER CURIAM:

On April 17, 1998, the Secretary filed with the Court the Designation of Record (DOR) pursuant to Rule 10 of the Court's Rules of Practice and Procedure. The DOR contained a Certificate of Service that is required by Rule 25 of the Court's Rules of Practice and Procedure. The Certificate of Service stated, in relevant part:

> I hereby certify [ ... ] that a copy of the foregoing Appellee's Designation of Record on Appeal was placed in the VA mail system to be transferred to the U.S. Postal Service for mailing ...

The Certificate of Service was signed and dated April 17, 1998, the date of filing with the Court. The appellant has moved to strike the Certificate of Service, arguing that it does not comport with the requirements of Rule 25. Attached to the appellant's motion to strike the Certificate of Service is a copy of the actual envelope used and dated by the U.S. Postal Service showing a date of April 23, 1998, as the date of mailing. The Secretary has responded to the appellant's motion arguing that the certificate of service accurately reflects the Secretary's actions of placing the document into the internal VA mail system to be transferred to the U.S. Postal Service and that rather than object to the manner of service, the appellant would have been better served requesting an extension.

The Court Rules require that a copy of any paper filed by any party or amicus must, at or before the time of filing, be served by the party or amicus on all other parties and amici to the appeal. U.S.VET.APP. R. 25(c). The manner of service may be personal or by mail. U.S. VET.APP. R. 25(d). The term "mail" is generally interpreted to express the ordinary meaning of the word used. Black's Law Dictionary defines "mailed" as follows: "A letter, package, or other mailable matter is 'mailed' when it .is properly addressed, stamped with the proper postage, and deposited in a proper place for receipt of mail". BLACK'S LAW DICTIONARY 952 (6th ed.1990) (citing *Texas Casualty Ins. Co. v. McDonald,* 269 S.W.2d 456 (Tex.Civ.App.1954)); *see Jones v. Brown,* 41 F.3d 634 (Fed.Cir.1994); *see also Karnas v. Derwinski,* 1 Vet.App. 308 (1991) (quoting Black's Law Dictionary's definitions of "case" and "appeal"). Webster's Dictionary defines the verb "mail" as "to send by mail, as by putting into a mailbox; post", and defines the noun "mail" as "letters, papers, packages, etc. handled, transported, and delivered by the post office". WEBSTER'S NEW WORLD DICTIONARY 814 (3rd ed.1988). As this Court noted in *Davis v. Brown,* 7 Vet.App. 298, 302 (1994),

> The U.S. Court of Appeals for the Fifth Circuit noted that "Webster's [New Collegiate Dictionary (1973) ] defines mail as '... letters ... conveyed under public authority'" and held that "[s]ince Federal Express is not a public authority, they are not a form of 'mail'" under Rule 25(a) of the Federal Rules of Appellate Procedure, which "provides that 'briefs ... shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized.'" *Prince v. Poulos,* 876 F.2d 30, 32 n. 1 (5th Cir.1989). In a case involving an Arizona unemployment insurance statute and regulations (where the term "filed by mail" was used in an agency appeal-rights notification), the court stated: "While it is undisputed that there are many private companies engaged in the delivery of documents for a fee, the only entity authorized to deliver *mail* is the United States Postal Service." *Northland Pioneer College v.*

*Zarco,* 179 Ariz. 44, 47, 875 P.2d 1349, 1352 (1994) (emphasis added).

In a case where a city code required that notice of a lease renewal offer be sent by "mail", the court held: "The term 'mail' has been defined as the whole body of matter transported by postal agents, or any letter or package forming a component part of it". *Reliance Properties, Inc. v. Cruz,* 143 Misc.2d 556, 544 N.Y.S.2d 901, 901 (N.Y.Sup.App.Div.1989) (citing 72 C.J.S. *Postal Service* § 2).

The term "mail" as used in Rule 25 of the Court's Rules of Practice and Procedure shall mean nothing less. A document placed into the internal VA mailing system to be thereafter delivered or transferred to the U.S. Postal Service is not "mailed" as required by Rule 25(d). *See Neuman v. Neuman,* 377 A.2d 393, 398 (D.C.1977) ("Service by mail must be accomplished so as to allow delay only within the official channels of the United States mail, not through inter-office or other institutional delays."). While the Secretary's Certificate of Service may accurately reflect the Secretary's actions with respect to this document, these actions do not conform with the Court's Rules to serve each document filed on the appellant personally or by mail, at or before the time of filing. Upon consideration of the foregoing, it is

ORDERED that the appellant's motion to strike the Certificate of Service is granted. It is further

ORDERED that the Docket Sheet shall be amended to reflect that the DOR was received by the Court, but not filed. It is further

ORDERED that within 7 days after the date of this order the Secretary file an amended Certificate of Service reflecting proper service. On the date of receipt of a proper, amended Certificate of Service, the DOR shall be deemed filed in the Court. It is further

ORDERED that within 20 days after the date of this order the Secretary inform the Court whether he can comply with Rule 25 of the Court's Rules of Practice and Procedure in all cases before the Court within 30 days

or whether additional time will be required to institute proper procedures.