or whether additional time will be required to institute proper procedures.

**Paul H. GANTT, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–2252.

United States Court of Veterans Appeals.

July 7, 1998.

Before KRAMER, FARLEY, and IVERS, Judges.

ORDER

PER CURIAM: '

On June 5, 1998, the Court issued a precedential order in which the Secretary's use of an internal VA mailing and distribution process was found to be invalid for the purpose of satisfying the service requirements found in Rule 25 of the Court's Rules of Practice and Procedure. *Gantt v. West,* 11 Vet.App. 262 (per curiam order 1998). Also on June 5, 1998, the Secretary was ordered to inform the Court whether he could comply with Rule 25 of the Court's Rules of Practice and Procedure in all cases before the Court within 30 days or whether additional time would be required to institute proper procedures.

Rather than respond to the Court's order, on June 17, 1998, the Secretary instead chose to express his disagreement with the Court's ruling. The Secretary, suggesting a valid comparison to the Federal Rules of Appellate Procedure which have not been adopted by this Court, contends that placing documents into the internal VA mailing system to be delivered thereafter to the U.S. Postal Ser-

vice is "analogous to service by means of a third-party commercial carrier" which is allowed by the Federal Rules of Appellate Practice. The Secretary did not express any intention of changing his current service procedures. On June 22, 1998, the appellant moved for leave to respond to the Secretary's response.

■ Lest the previous ruling be unclear, the Court will reiterate that a document placed into the internal VA mailing system to be thereafter delivered or transferred to the U.S. Postal Service is not "mailed" pursuant to Rule 25(d) and does not constitute valid service under the Court's Rules of Practice and Procedure. A VA contract employee who works in the mail room is not an official of the U.S. Postal Service. Since Rule 25 of this Court's Rules of Practice and Procedure, as currently written, does not provide for service by commercial overnight delivery, the Secretary's proffered analogy must be and is rejected. More instructive for our purposes is Rule 29(3) of the Rules of the Supreme Court of the United States which provides that "[a]ny document required by these Rules to be served may be served personally or by mail on each party to the proceeding at or before the time of filing.... If service is by mail, it shall consist of depositing the document with the United States Postal Service, with no less than first-class postage prepaid ..."

■ The appellant has pointed out yet another anomaly in the Secretary's service procedures which merits some discussion. The Secretary's response to the June 5, 1998, Court order was received by the Court and filed on June 17, 1998. Attached to the Secretary's response was a Certificate of Service, as required by Rule 25(e) of this Court's Rules of Practice and Procedure, as set forth below:

## CERTIFICATE OF SERVICE

On this date, a copy of the foregoing Secretary's Response was placed in the VA system of mails for mailing, postage prepaid, to:

Laura L. Scudder
Attorney for Paul H. Gantt
61 Eagles Trail
Fairfield, PA 17320

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6/18/98
Date

/s/ _____
GARY E. O'CONNOR
Attorney for Appellee

The Certificate of Service is "dated" the day following receipt and filing by the Court. As written, this Certificate does not satisfy the Court's service rules which require service "at or before the time of filing." U.S.VET.APP. R. 25(c). The appellant has rather diplomatically labeled this Certificate of Service as perhaps containing a built in "fudge factor."

It is unacceptable for an officer of this Court to certify a fact when, at the time of the certification, the fact has not occurred. Certification of service is not a game or a step to be taken lightly; it is an attestation by a member the bar that an event of legal significance has taken place. Giving the benefit of the doubt to our practitioners, who are officers of the Court and who presumably know and understand their responsibility not to intentionally misstate facts to this tribunal, the Court on this occasion will view this date as an unintentional error rather than an intentional tactic. Nevertheless, correction and compliance with Rule 25(b) are required.

■ Further, although the Court's jurisprudence is clear, the inapt nature of the Secretary's Response and the non-complying service described by language of the accompanying Certificate of Service ("placed in the *VA system of mails for mailing*, postage prepaid," (emphasis added)) prompts the Court to note that, in a precedential decision, we have held that the Secretary's current practice does not conform to the requirements of Rule 25(d). *See Gantt v. West*, 11 Vet.App. 262 (per curiam order 1998). As this Court noted in *Tobler v. Derwinski*, 2 Vet.App. 8, 11 (1991), any legal interpretations, conclusions or rulings contained in

On April 2, 1998, the Court received, by facsimile transmission, from the appellant's counsel a document entitled "Amendment to Appellant's Application for Award of Attorney Fees, Costs and Other Expenses". On the same date, the Court received from the Secretary a purported response under Rule precedential decisions are the law of the jurisdiction from the date of the ruling unless or until overturned by a court of competent jurisdiction. The Secretary's recourse is to seek to overturn the decision or to propose a change in the Rule but, unless or until one of those events occurs, the Secretary is bound to comply with the precedential decision of this Court *in all cases*. Therefore, effective with the filing of this order, all pleadings, briefs, motions, and other papers submitted for filing by the Secretary will be returned if the Certificate of Service does not indicate that the Secretary through his counsel has effected service at or before the time of filing either by personal delivery or by depositing the item served directly into the United States mail. Delivery to VA mail, "the VA system of mails," VA contractor employees, or inter-office mail does not constitute service under Rule 25.

Upon consideration of the foregoing, it is

ORDERED that the appellant's motion for leave to respond to the Secretary's response is granted. It is further

ORDERED that the Docket Sheet shall be amended to reflect that the Secretary's Response was received by the Court, but not filed. It is further

ORDERED that the Clerk is directed to return the Secretary's Response because the method of service upon the appellant described in the Certificate of Service was not in compliance with Rule 25(d). It is further

ORDERED that, within 2 days after the date of this order, the Secretary shall file a Response with a Certificate of Service reflecting proper service. On the date of receipt of a proper, amended Certificate of Service, the Secretary's Response shall be deemed filed in the Court.